Opinion issued April 7, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00881-CV

———————————

**EMERITA MEDINA, KIANNA PAZ, AND REMMY MATUTE, Appellants**

**V.**

**GLORIA  RAVEN, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1025647**

---

## O P I N I O N

This is an appeal from the denial of a motion for new trial and the denial of a motion to withdraw deemed admissions.  We reverse and remand.

## BACKGROUND

On January 3, 2013, Plaintiffs-appellants Emirita Medina, Kianna Paz, and Remmy Matute sued defendant-appellee Gloria Raven, alleging they each suffered injuries in a July 4, 2011 automobile collision. Plaintiffs' petition alleged that Raven struck their automobile and that plaintiffs suffered loss of earnings, impaired future earing capacity, past and future medical expenses, property damages, bodily impairment, and mental anguish. Their petition was filed by counsel Brandon Hemingway with Karl, Oko, and Associates Law Firm at 7324 S.W. Freeway, Ste. 202.

On February 25, 2013, Raven filed a pro se answer, stating, in its entirety, "To whom it may concern. I have spoken to my insurance provider at the time of the accident which occurred on July 4, 2011. They will be taking care of all the expenses."

On August 23, 2013, counsel filed a First Amended Original Answer and Jury Demand on Raven's behalf. It contained a general denial, as well as alleging (1) Plaintiffs' failure to exercise reasonable care caused, or contributed to, the accident and plaintiffs' alleged damages, (2) alternatively, the accident was the result of an unavoidable accident or sudden emergency, (3) plaintiffs failed to mitigate damages, (4) plaintiffs' injuries were the result of preexisting conditions and did not result from the accident, (5) comparative fault should be applied, (6)

recoverable medical expenses should be limited to amount actually paid or incurred, and (7) any recovery of lost earning or earning capacity should be reduced by income tax or unpaid tax liability.

On May 25, 2014, James Okorafor filed a Notice of Appearance as retained counsel for plaintiffs, listing an address of 10101 Fondren, Ste. 260.

**A. Summary Judgment Motion and Response**

On June 27, 2014, Raven filed a Motion for Final Summary Judgment. That motion alleged that—on February 12, 2014—she had served Requests for Admissions on plaintiffs through their attorney, Brandon Hemingway, at both (1) Karl, Oko, and Associates at 7324 S.W. Freeway, ste. 202, and (2) Hemingway Law Firm, 24044 Cinco Village Center Blvd., ste. 100 (which were both different addresses than the address in Okorafor subsequent Notice of Appearance). Copies of each were attached as exhibits to the motion.

Raven's motion also alleged that she re-served plaintiffs with the requests for admission through counsel James Okorafor, at 10101 Fondren ste. 260, on May 29, 2014, four days after he made an appearance as counsel for plaintiffs. The following transmittal letter was attached as summary judgment evidence as well:

Dear Mr. Okorafor:

Please find enclosed the discovery requests which were served upon your clients several months past which have not been responded to.

Please respond in full within fourteen days or we will file a Motion to Compel. Also, please note that the admissions are deemed admitted as a matter of law until such time as the court orders otherwise.

Finally, I have received your unverified Motion for Continuance which was not set for hearing. As there will be no ruling without a hearing, I will be prepared to proceed to trial as currently set.

Raven's motion for summary judgment alleged that that none of the plaintiffs responded to Requests for Admissions and argued that she was thus entitled to summary judgment on deemed admissions establishing no liability. Specifically, she relied upon the following three deemed admissions: "Admit that Defendant was not at fault for the accident made the basis of this suit," "Admit that you were not injured as a result of the collision," and "Admit that the driver of the vehicle you occupied in the incident made the basis of this suit did not maintain a proper lookout on the date of the collision."

On July 22, 2014, plaintiffs filed a Motion for Leave to File Late Response and Plaintiffs' Response to Defendant's Motion for Summary Judgment. Plaintiffs argued that defendant's summary-judgment motion was not mailed to their attorney until July 11, 2014, and was not received by plaintiffs' counsel until July 13, 2014. As an exhibit, the filing contained a July 11, 2014 postmarked envelope addressed to James Okorafor at a third address, PO Box 710182, with the copy of a transmittal letter from Raven's counsel stating "enclosed please find a courtesy

4

copy of Defendant's Motion for Final Summary Judgment, Order and Notice of Oral Hearing, which was previously sent to you on June 27, 2014." Plaintiffs argued that they did not know about the June 22, 2014 summary judgment motion until July 8—less than 21 days before the hearing—and, thus, should be allowed additional time to respond. The trial court signed an order on July 23, 2014 granting plaintiffs' request to file a late response.

In plaintiffs' response to Raven's motion for summary judgment, plaintiffs argued that they did in fact respond to discovery requests as documented by:

- "COPIES OF PLAINTIFFS' RESPONSES to Requests for Admissions, which were served on [defense counsel] first by FAX and later by mail via USPS PRIORITY MAIL. These are herein incorporated as APPENDIX 4 to this Motion."[1]

- "USPS RECORD OF APRIL 4, 2014: This shows that on April 4, 2014, Plaintiffs Responses to Defendant Discovery including Request for Admission was mailed via US PRIORITY MAIL TO [defense counsel] via US TRACKING NO.42077056 9505 5000 19864094 0000 65 and was received by [counsel]\her agent on April 8, 2014 at 3:10 p.m. See EXHIBITS 2 and 3 to Plaintiffs Response to Motion to Compel herein incorporated as APPENDIX 5 to this Motion";

- "LETTER DATED JULY 9, 2014 resending to [defense counsel] on said date Plaintiffs Responses by US PRIORITY MAIL with Tracking Number 23071770000037188521, herein incorporated as APPENDIX 6 to this Motion";

- "PRINT OUT FROM THE USPS showing that the July 9, 2014 Letter was received by a D. MENDOYA at [defense counsel's]

---

[1] Lui Akwuruoha, at 9894 Bissonnet, ste. 455, signing as "attorney for plaintiffs" served the responses to requests for admission on Raven's counsel in April 2014.

5

on JULY 10, 2014 at 11:53 am herein incorporated as APPENDIX 7 to this Motion"; and

• "EMAIL DATED JULY 11, 2014 at 3:01 pm CONFIRMING her receipt of the package of July 2014 which contained Discovery Responses including Plaintiffs Responses to Request for Admissions and her alleged deficiencies of said responses. This is herein incorporated as APPENDIX 8 to this Motion."

## B. Hearing on Motion for Summary Judgment

On July 23, 2015, the trial court held a hearing on Raven's summary-judgment motion. Raven's counsel admitted that plaintiffs had responded to her requests for admissions, but argued that the responses were not timely, entitling her to summary judgment. Specifically, Raven's counsel stated that plaintiffs were served requests for admissions in February 2014 that were not responded to until April 2014. Because plaintiffs had not filed a motion to have their admissions undeemed, Raven argued she was entitled to rely on the deemed admissions of no liability as a ground for summary judgment in her favor.

Plaintiffs' counsel argued that no motion to undeem the admissions was necessary because the responses to the Requests for Admissions were timely. Specifically, counsel argued that his earlier filed response to a motion to compel contained evidence indicating that the discovery requests were initially mailed to the wrong address, were later remailed, and then received by plaintiffs on March 6, 2014—rendering the April 4, 2014 responses timely. Raven's counsel responded that they repeatedly got mail returned because the person who was listed as counsel

6

of record for plaintiffs in February was not licensed to practice law, but that was

not Raven's fault:

> If the Court would like to wait to rule on the Summary Judgment so that Counsel can file his Motion to Undeem and bring his witnesses to talk about who got what when and who was managing that file, that would be fine.
>
> I would rather the Court rule on the Motion for Summary Judgment. But as the Court is aware, the service was proper on this – the admissions at the address of record when they were sent that they weren't received is something that we have no control over.

## C. The Trial Court's Judgment

On July 24, 2014, the day after the summary-judgment hearing, the trial

court entered a final summary judgment motion in Raven's favor, ordering "that

the Plaintiffs suit is hereby dismissed with prejudice to the refiling of same."

## D. Plaintiffs' Motion for New Trial and Motion to Set Aside Deemed Admissions and Response

On August 25, 2014, plaintiffs filed a verified Motion for New Trial and

Motion to Set Aside Deemed Admissions.  They argued that, at the time summary

judgment was granted, there was conclusive evidence on file that the responses to

the requests were admissions were not untimely.

Alternatively, plaintiffs argued that good cause exists for setting aside the

deemed admissions.  Specifically, plaintiffs argued that Raven mailed the requests

"to the incorrect address and that it was NOT received" within three days of

mailing, rebutting the presumption of service.  Plaintiffs also asserted that Raven

7

would not be unduly prejudiced by setting aside the deemed admissions, as she has judicially admitted to receiving the responses on April 4, 2014, more than 104 days prior to the entry of final summary judgment on deemed admissions. Accordingly, plaintiffs argued, withdrawing the deemed admissions would not delay the trial or significantly hamper Raven's ability to prepare for trial because there are no facts in the deemed admissions not known to Raven since at least April 4, 2014. Finally, plaintiffs argued that refusal to set aside the deemed admissions amounts to a death penalty sanction depriving them of a trial on the merits of their claims.

In support of their request for a new trial, the plaintiffs argued that the trial court erroneously failed to resolve doubts and inferences in favor of the nonmovant plaintiffs. Specifically, plaintiffs argue that they presented evidence rebutting the presumption of February 2014 service of the requests for admissions, but that the trial court did not require Raven to then put forth proof as to when the requests were actually served and that she did not receive timely responses after proper service.

The plaintiffs' prayer concluded with:

> Plaintiffs do not believe that Defendant has suffered or would suffer any harm as a result of the granting of this Motion for New Trial\Motion to Set Aside. If Defendant proves otherwise and the court so finds, Plaintiffs are willing and ready to cure the harm including agreeing to an early and\or preferential trial date so that this matter may be quickly decided on its merits. Additionally and to the extent applicable, Plaintiff urges the court to grant their Motion for New Trial based on the *Craddock* factors. In this respect, Plaintiffs

assert that their failure to timely respond to RFAs, if applicable, was not intentional, but accidental; that it has a meritorious lawsuit\claims and that they can proceed to trial on the merits without any delay or prejudice to defendant.

Plaintiffs have rebutted the presumption of service, have shown diligence in responding to the RFAs **within 33 days of receipt**, and have shown good cause, no prejudice to Defendant and deprivation of their right to a trial on the merits. These are the factors which Courts have relied upon in setting aside deemed admissions.

Raven filed a response in opposition. She asserted that her requests for admission were properly addressed to plaintiffs' counsel of record in the case on February 12, 2014, the date the requests were mailed. Raven asserts that they were sent certified mail and delivered March 6, 2014, rendering the service date February 12, 2014 under Rule 21a of the Texas Rules of Civil Procedure. Raven's counsel noted that, because he was aware that a named partner in the firm associated with counsel of record for plaintiffs had been disbarred, he also sent the requests for admissions to the address that plaintiffs' counsel had on record with the State Bar of Texas, but those were returned.

In addition to arguing that the requests for admissions were timely served (regardless of when they were received), Raven argued that (1) the verification on plaintiffs' motion for new trial was defective, (2) plaintiffs' evidence was defective, and (3) plaintiffs offered no proper evidence in support of their motion for new trial and to set aside deemed admissions.

9

On September 3, 2014, the trial court denied both plaintiffs' motion to set aside deemed admissions and motion for new trial. Plaintiffs timely appealed.

## ISSUES ON APPEAL

In this appeal, plaintiffs raise three issues:

1. "Whether the trial court erred in granting summary judgment based exclusively on the deemed admissions when at the relevant time, there was uncontroverted evidence in the record that the admissions had been twice responded to; the MSJ notice was not received 24 days prior to the date of hearing and genuine issues of material facts existed in the record, including the judicial admission of negligence by Appellee."

2. "Whether the trial court erred in denying the Motion to Set Aside Deemed Admission\Motion for New Trial upon an uncontested showing of good cause, no prejudice to Appellee and a preclusive effect on the presentation of the merits of the case in violation of the constitutionally guaranteed due process rights of Appellants."

3. "Whether Appellants timely responded to the Requests for Admissions based on the date of receipt of said Admissions."

## DEEMED ADMISSION

### A. Applicable Law

The responding party must serve a written response to a post-answer request for admission within 30 days after service of the request. TEX. R. CIV. P. 198.2(a). Service of request for admissions by mail is deemed complete "upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service." TEX. R. CIV. P. 21a(b)(1). When service is effectuated by mail, three days is added to the time the recipient has to respond. TEX. R. CIV. P. 21a(c).

10

If a response to requests for admissions "is not timely served, the request is considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c).

The supreme court has held that the standards for withdrawing deemed admissions and for allowing a late summary-judgment response are the same. *Carpenter v. Cimarron Hydrocarbons Corp*., 98 S.W.3d 682, 687–88 (Tex. 2002). "Either is proper upon a showing of (1) good cause, and (2) no undue prejudice." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam) (citing *Carpenter*, 157 S.W.3d at 687–88); *see* TEX. R. CIV. P. 166a(c), 198.3. "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler*, 157 S.W.3d at 442 (citing *Carpenter*, 98 S.W.3d at 687–88; *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam)). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Id*. (citing *Carpenter*, 98 S.W.3d at 687; *Stelly*, 927 S.W.2d at 622; *see also Wal–Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 357 (Tex. 1998) (per curiam)).

## B. Standard of Review

We review a trial court's decision to permit or deny withdrawal of deemed admissions for an abuse of discretion. *Stelly*, 927 S.W.2d at 622. "An abuse of

discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably." *Id.* Texas Rule of Civil Procedure 198.3 provides the "guiding rules or principles" the trial court must follow when ruling on a request to withdraw deemed admissions. *See id.* at 621. "Additionally, when due process concerns are raised by deemed admissions which act as a merits-preclusive sanction, the trial court must follow the guiding rules and principles established by *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) (per curiam)." *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 665 (Tex. App.—San Antonio 2014, pet. denied).

## C.     Analysis

In plaintiffs' second issue, they argue that the trial court erred in denying the Motion to Set Aside Deemed Admission\Motion for New Trial upon showing of good cause, no prejudice to Raven and a preclusive effect on the presentation of the merits of the case in violation of their right to due process.  We agree.

Raven admits that she had plaintiffs' responses in hand long before she moved for summary judgment on the deemed admissions.  Plaintiffs made clear at the summary-judgment hearing that they were of the mistaken view that they had timely responded to the requests.  And the record as a whole reflects that there was confusion at times about who represented plaintiffs and when.

Raven argues that the trial court did not abuse its discretion because the "Motion to Undeem contained no affidavits, or verifications to support allegations of good cause and no prejudice and failed to present the proposed responses to the deemed admissions as required by law." She contends that there is no good cause supporting plaintiffs' request to withdraw the deemed responses because plaintiffs failed to prove that the requests were sent to an incorrect address. To the contrary, Raven asserts, "the requests were properly served at the address of record on file with the court AND the attorney of record's address on file with the State Bar of Texas on February 12, 2014."

Raven further argues that by waiting until after summary judgment was entered to file a written motion to undeem admissions, plaintiffs waived that request. In support, Raven relies on this Court's opinion in *Cleveland v. Taylor*, 397 S.W.3d 683, 695 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) for the proposition that "failure to seek to undeem admissions, when represented at all relevant times by counsel, prior to a Motion for New Trial, constitutes a waiver of the ability to challenge the same after judgment." In *Cleveland*, we noted that the non-movant for summary judgment—who was represented by counsel—refused to respond to numerous discovery requests. *Id.* at 696. After the trial court rendered judgment for the plaintiffs (in part based on deemed admissions and in part on death penalty sanctions), a month later counsel for the defendants filed a motion

13

for new trial and to undeem admissions. *Id*. at 693–94. Both defendants and their counsel averred that counsel's office received the request for admissions, but that because of office staff issues, the requests were not forwarded to the defendants. *Id*. Counsel also averred that "he did not intentionally fail to answer the requests for admission, but that his failure was due to 'oversight and mistake on my part, as well as the disorganized situation in my office at that time.'" *Id*. at 692. The trial court denied the motion for new trial, the motion to undeem admissions, and the motion to set aside death penalty sanctions. *Id*. We affirmed, noting in part that the defendants still had not answered requests for admissions, even after the plaintiff moved for judgment on the deemed admissions. *Id*. at 695–96.

The plaintiffs in turn cite the supreme court's opinion in *Wheeler*, 157 S.W.3d at 442. In *Wheeler*, the trial court granted summary judgment on deemed admissions, despite the fact that the opposing party—appearing pro se—"actually *had* filed responses six months before the motion was heard, but two days after they were due." *Id*. at 441. The nonmovant then hired an attorney, who filed a motion for new trial arguing that the admission responses were timely, and that the trial court's granting summary judgment on deemed admissions was erroneous. *Id*. at 441–42. The trial court denied the motion, and the court of appeals affirmed. The supreme court reversed, however, reasoning that the nonmovant did not waive her requests to undeem by failing to file a motion to undeem, or by presenting her

argument to undeem for the first time in a motion for new trial. *Id*. at 442. The court noted that the nonmovant believed her responses were timely and that the record does not reflect that she understood the need to file a motion to undeem before the summary judgment was entered. *Id*.

The *Wheeler* court emphasized that "absent bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions." 157 S.W.3d at 443. The court noted that concept had been applied in a variety of other discovery contexts and, in *Wheeler*, it expressly extended that concept to requests for admissions:

> When requests for admissions are used as intended—addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents—deeming admissions by default is unlikely to compromise presentation of the merits. *See Stelly*, 927 S.W.2d at 622 (stating requests for admissions were intended to "eliminat[e] matters about which there is no real controversy" and were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise. *See Trans American Natural Gas Corp*., 811 S.W.2d at 917–18.
>
> . . . .
>
> This record contains no evidence of flagrant bad faith or callous disregard for the rules, nothing to justify a presumption that [plaintiff's] case lacks merit, and nothing to suggest [defendant] was unable to prepare for trial without the admissions. *See id*. at 918; *cf. Cire v. Cummings*, 134 S.W.3d 835, 843 (Tex. 2004) (affirming dismissal based on destruction of tapes at heart of case). Further, Sandra offered to pay for any expenses Darrin incurred because her responses were late. *See* TEX. R. CIV. P. 215.4. We hold under the

facts presented here that the trial court should have granted a new trial and allowed the deemed admissions to be withdrawn upon learning that the summary judgment was solely because Sandra's responses were two days late. *See Spohn Hosp.* [*v. Mayer*], 104 S.W.3d [878,] 883 [Tex. 2003)] (holding late production of witness statements insufficient to justify deeming facts on merits).

*Id.* at 443.

In *Marino v. King*, the supreme court again reversed a summary judgment granted solely on deemed admissions; as in *Wheeler,* the requests for admissions had been answered, but one day late. 355 S.W.3d 629, 630 (Tex. 2011). The pro se appellant in *Marino* did not file a response to the movant's summary judgment motion, but had raised grounds in other pending motions and in argument at the summary judgment hearing for continuing or denying the motion for summary judgment. *Id.* at 632. In a motion for new trial, which the trial court denied, "she asked for an opportunity to correct her mistake, if she had failed to meet a procedural requirement or needed to supply additional information." *Id.* at 633. In reversing, the supreme court reiterated the concerns with merit-precluding judgments based on deemed admissions:

> Requests for admission are intended to simplify trials. They are useful when "addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents." *Wheeler*, 157 S.W.3d at 443. They may be used to elicit "statements of opinion or of fact or of the application of law to fact." TEX. R. CIV. P. 198.1. [Plaintiff's] requests here, however, asked essentially that [defendant] admit to the validity of his claims and concede her defenses—matters [plaintiff] knew to be in dispute. Requests for admission were never intended for this purpose. *Stelly v. Papania*, 927 S.W.2d 620, 622

16

(Tex. 1996) (per curiam) (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950) (stating that requests for admission were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense")).

As we have previously observed, requests for admission should be used as "a tool, not a trapdoor." *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008). And when admissions are deemed as a discovery sanction to preclude a presentation of the merits, they implicate the same due process concerns as other case-ending discovery sanctions. *Wheeler*, 157 S.W.3d at 443 (citing, 811 S.W.2d 913, 917–18 (Tex. 1991)). Thus, in *Wheeler* we required a showing of "flagrant bad faith or callous disregard for the rules" to substantiate a summary judgment based solely on deemed admissions. *See id.* at 443 (noting that "absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions").

. . . .

Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241–42 (Tex. 1985). The due process concern recognized in *Wheeler* is one such principle that inheres to a request for merits-preclusive admissions. *See In re Rozelle*, 229 S.W.3d 757, 763 (Tex. App.—San Antonio 2007, orig. proceeding) (quoting *Wheeler* and observing that this due process concern is a "guiding rule and principle that applies '[w]hen requests for admissions are [not] used as intended,' and 'when a party uses deemed admissions to try to preclude presentation of the merits of a case' "). Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults. Using deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden. *See Wheeler*, 157 S.W.3d at 443–44.

Good cause for the withdrawal of the deemed admissions exists in this case because there is no evidence of flagrant bad faith or

17

callous disregard for the rules and nothing to justify a presumption that [defendant's] defense lacks merit. *Id*. Moreover, there is nothing to suggest that [defendant] was unable to prepare for trial without the admissions and thus no evidence that their withdrawal will cause him undue prejudice; rather, "the presentation of the merits of the action will be subserved by permitting [defendant] to withdraw the admission [s]." TEX. R. CIV. P. 198.3(b). The trial court accordingly erred in rendering summary judgment on deemed admissions, and the court of appeals erred in affirming that judgment because [defendant] did not waive the error.

*Id*. at 632–34.

Raven argues that the trial court's denial of plaintiffs' motion to undeem admissions was proper in part because the motion "attaches no affidavits or other evidence to support good cause, no prejudice or presentation of merits." But, "although a party moving to withdraw admissions ordinarily must prove the requirements of Rule 198.3, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal." *In re Sewell*, 472 S.W.3d 449, 456 (Tex. App.— Texarkana, orig. proceeding) (citing *Marino*, 355 S.W.3d at 634). "Accordingly, where a party moves to withdraw deemed admissions that are merit-preclusive, due-process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from "'flagrant bad faith or callous disregard of the rules.'" *Id*. (citing *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 666 (Tex. App.—San Antonio 2014, pet. denied) (quoting *Wheeler*, 157 S.W.3d at 443)). This showing of flagrant bad faith or callous disregard is "an

18

element of the movant's summary judgment burden." *Yacoub v. Sure Tec. Ins. Co.*, No. 14-13-00274-CV, 2015 WL 1928618, at *3 (Tex. App.—Houston [14th Dist.] April 28, 2015, no pet.) (mem. op.) (citing *Marino*, 355 S.W.3d at 634).

Raven's requests for admissions of "no liability" fall outside the intended scope of requests for admissions. *See, e.g.*, *Stelly*, 927 S.W.2d at 622 (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950) (stating that requests for admission were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense")). Because the deeming of those admissions operated as merit-precluding sanctions, Raven had the burden in response to the plaintiffs' motion for new trial and to undeem admissions, to demonstrate that—assuming the plaintiffs' responses were untimely—that untimeliness was the result of flagrant bad faith or callous disregard for the rules. *See Gonzalez*, 441 S.W.3d at 666.

Raven specifically moved for, and was granted, summary judgment on three merits-dispositive deemed admissions. Raven's trial-court filings focused on the plaintiffs' alleged failure to affirmatively demonstrate "good cause" for their failure to timely respond to the requests for admissions. But Raven failed to argue or present any evidence that the plaintiffs' failures reflected flagrant bad faith or callous disregard for the rules, as was her burden to obtain summary judgment and

to oppose the motions to undeem admissions and for a new trial.  *See Marino*, 355 S.W.3d at 634; *Gonzalez*, 441 S.W.3d at 666.

Raven nonetheless insists that this case is distinguishable from *Marino* and *Wheeler* because the parties there seeking new trials were pro se, in contrast with *Cleveland v. Taylor*, 397 S.W.3d 683, 695 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) in which we held a post-judgment motion to undeem admissions was waived in part because the party moving to undeem post-judgment was represented by counsel throughout the entire proceedings.  While we acknowledge that the supreme court was concerned with the parties' pro se status in *Marino* and *Wheeler*, we do not consider that difference dispositive here.

In *Cleveland*, not only were the parties seeking to undeem admissions represented by counsel throughout the entire proceedings, they refused to respond to multiple requests for production and interrogatories, no-showed for depositions, and were sanctioned for refusing to participate in discovery.  397 S.W.3d at 688–89.  After the trial court granted a motion to compel, the parties still would not participate in their properly noticed depositions nor comply with the trial court's previous order compelling responses to discovery.  *Id*.  In holding that the party seeking to undeem admissions had waived that relief by first requesting it post-judgment, we noted the numerous times the parties were put on notice that the

opposing party sought judgment on their deemed admissions, but still the parties seeking to undeem the admissions post-judgment never responded to the requests:

> The Investors served the Cleveland parties, through their attorney . . . with requests for admissions on December 21, 2010, and the Cleveland parties failed to respond. Prior to the trial court's rendition of judgment, the Investors (1) filed a notice of the Cleveland parties' deemed admissions on January 27, 2011; (2) filed two motions for summary judgment—one on January 31, 2011, and one on April 4, 2011—based, in part, on the Cleveland parties' deemed admissions; (3) filed a trial exhibit list including the deemed admissions as an exhibit; and (4) stated on the record at the time of the original trial setting, February 15, 2011, in the presence of both James and Paul Cleveland and their attorney, the fact that the Investors "sent requests for admissions that were never responded to" by any of the Cleveland parties, in addition to pointing out several other discovery and pleading abuses. The notice of deemed admissions, two motions for summary judgment, trial exhibit list, and discussion on the record in the presence of two of the Cleveland parties and their attorney demonstrate that the Cleveland parties had notice of their mistake before the trial court rendered judgment and that they had other avenues of relief available, but that they failed to take action until after the trial court's judgment. Thus, we conclude that the Cleveland parties waived their right to challenge the deemed admissions.

397 S.W.3d at 694–95.

Here, although the plaintiffs were represented by various counsel throughout the proceedings and did not file a formal, written motion to undeem admission until after the trial court granted summary judgment, the plaintiffs answered the request for admissions long before the summary judgment hearing and attached the discovery responses to their summary judgment response. And, given the flux of lawyers representing plaintiffs at various stages, it is not clear that they had

21

continuous representation throughout the proceedings. It appears that they were pro se at least a portion of the time, despite what appears to be an exercise of diligence on their part to find and maintain attorney representation to prosecute their claims. The plaintiffs put the trial court and Raven on notice that they disputed liability and that they believed that they timely responded to the requests for admissions.

The supreme court in *Wheeler* held that "the trial court should have granted a new trial and allowed the deemed admissions to be withdrawn upon learning that the summary judgment was solely because [the] responses were two days late." 157 S.W.3d at 444. In *Marino*, it stated "result should be no different here." 355 S.W.3d at 633. Given that the plaintiffs in this case had answered the requests for admissions long before the summary-judgment hearing, there was confusion about when (and by who) plaintiffs were represented by counsel, and Raven presented no evidence that she was prejudiced in her preparation for trial,[2] we hold that the trial court should have granted plaintiffs' motion for new trial and allowed the merits-precluding admissions be undeemed. Without a showing of flagrant bad faith and callous disregard for the rules, the trial court's failure to do so implicates

---

[2] In addition to Raven articulating no prejudice flowing from allowing the deemed responses to be withdrawn, plaintiffs offered to mitigate any inconvenience by agreeing to a preferential trial setting. Raven cannot argue that preparation of a trial defense was compromised because she had the responses long before the summary-judgment hearing.

22

constitutional concerns. *Wheeler*, 157 S.W.3d at 443 ("But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise.").

Because we sustain plaintiffs' second issue and reverse and remand for a new trial, we need not address plaintiffs' first and third issues.

## CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.