**Reversed and Remanded and Memorandum Opinion filed July 9, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00057-CV

### OSCAR ROMERO III, Appellant

### V.

### D. R. KIDD COMPANY, INC. D/B/A KIDD ROOFING, Appellee

**On Appeal from the 200th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-17-001123**

## MEMORANDUM OPINION

A homeowner appeals a summary judgment in favor of a roofing company that sued the homeowner for damages after the homeowner allegedly failed to pay for roofing services and disparaged the roofing company's business in an online review. The homeowner contends that the trial court erred in granting the roofing company's summary judgment motion and in denying the homeowner's motion to strike deemed admissions and motion to dismiss the business disparagement claim under the Texas Citizens Participation Act. We reverse and remand.

# I. BACKGROUND

In March 2017, Appellee D.R. Kidd Company, Inc., d/b/a Kidd Roofing, sued appellant Oscar Romero III in a Travis County district court, asserting claims based on a sworn account, breach of contract, quantum meruit, and business disparagement.[1] Kidd Roofing alleged that Romero failed to pay for roofing work provided at Romero's house as agreed in a written contract and published disparaging words about Kidd Roofing's business and employees on Angie's List, a web-based service. Romero timely responded with a general denial.

On June 1, 2017, Kidd Roofing filed and served on Romero a notice of deemed admissions. In the notice, Kidd Roofing asserted that it served a request for admissions on Romero on March 28, 2017, Romero failed to timely respond, and the requested admissions were deemed admitted as required by Rule 198.2 of the Texas Rules of Civil Procedure. When Romero received the notice of deemed admissions, he served Kidd Roofing with his response to the requested admissions that same day. Romero denied all sixteen of the requested admissions.

On August 7, 2017, Kidd Roofing filed a combined traditional and no-evidence motion for summary judgment on its claims. Kidd Roofing supported its motion with Romero's deemed admissions and late-filed response, as well as other evidence. A hearing on the motion was set for September 18.

On September 7, Romero filed an amended, verified answer. On September 11, Romero timely filed a response to Kidd Roofing's motion for summary judgment. Romero also filed a motion to strike the deemed admissions attaching a copy of his responses and a motion to dismiss Kidd Roofing's business

---

[1] Kidd Roofing also sued Romero's sister but ultimately nonsuited its claims against her.

disparagement claim pursuant to the Texas Citizens Participation Act (TCPA),[2] The next day, one day after the filing deadline, Romero filed his affidavit in support of his response to the summary judgment motion along with a motion for leave to file the affidavit. In the motion for leave, Romero stated that the affidavit was intended to be included in his summary judgment response but was omitted in the e-filing of the document.

In support of its summary judgment motion, Kidd Roofing relied on a written contract, the unpaid invoice and related correspondence, a copy of Romero's review on Angie's List, and the following deemed admissions as evidence of every assertion of fact made in support of its claims:

- "Kidd Roofing and [Romero] entered into a valid agreement for the Work."
- "Kidd Roofing performed its obligations under the contract by supplying the Work."
- "[Romero] breached [his] contract with Kidd Roofing when [Romero] failed to instruct [his] insurance carrier to include DR Kidd as an additional payee on the check issued to pay for Kidd Roofing's work."
- "[Romero] breached [his] contract with Kidd Roofing when [Romero] failed to pay Kidd Roofing the sum of $6,648.52 due and owing for the Work."
- "Romero published false disparaging words about Kidd Roofing's business and its employees on Angie's List with the intent of interfering with Kidd Roofing's potential clients, business reputation and economic interest."

Kidd Roofing also relied on the affidavit of its president and the unverified answer Romero originally filed as additional support for its sworn account claim. *See* Tex. R. Civ. Proc. 185 (providing that if a defendant does not timely file a verified denial, then "he shall not be permitted to deny the claim, or any item therein"). Kidd Roofing prayed for a judgment awarding it $6,548.52 for the amount owed, $10,000.00 for business disparagement, and other relief.

---

[2] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011.

In his response, Romero argued that his affidavit raised fact issues on the breach of contract and related claims. Romero also argued that Kidd Roofing failed to support its business disparagement claim with any evidence of special damages, that Romero acted with malice, or that the published material was false, citing *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (listing elements of a business disparagement claim). Romero further asserted that the lack of evidence of disparagement supported his TCPA motion to dismiss, which he stated was filed separately. Romero did not mention his motion to strike the deemed admissions in his summary judgment response.

On October 9, 2017, the trial court signed an order granting Kidd Roofing's summary judgment motion without stating the grounds for the ruling. The trial court ordered Romero to pay Kidd Roofing $16,548.52, plus pre- and post-judgment interest. All other requested relief was denied.

Romero filed a motion for new trial in which he again argued that his affidavit raised fact issues precluding summary judgment on each of Kidd Roofing's claims and that Kidd Roofing was not entitled to a summary judgment. Romero also mentioned having filed the motion to strike deemed admissions but did not expressly argue that it should be granted. In response, Kidd Roofing argued that the trial court had correctly granted Kidd Roofing's motion for summary judgment "based on Romero's Deemed Admissions."

At the hearing on the motion for new trial, Romero's counsel argued that the case should not be decided based on the deemed admissions because Romero had filed an amended answer, answered Kidd Roofing's request for admissions, and presented a controverting affidavit in opposition to Kidd Roofing's summary judgment motion. Kidd Roofing's counsel maintained that Romero's response to Kidd Roofing's request for admissions was untimely and that Romero had failed to

4

show good cause to grant a new trial. Initially, Romero's counsel mistakenly believed that Romero's motion to strike the deemed admissions had not yet been filed and asked for a new trial so that the motion could be filed, but Kidd Roofing's counsel informed the trial judge that the motion had been filed before the summary judgment hearing. Romero's counsel responded that if filed, Romero's motion to "un-deem" the admissions should have been heard at the summary judgment hearing and argued that the admissions should be withdrawn so that the case could proceed on the merits. The trial judge, recalling that Romero's motion to strike the deemed admissions was not raised during the summary judgment hearing, took the matter under advisement. Romero's motion for new trial was later denied by written order.

Romero appealed the trial court's judgment to the Austin Court of Appeals, and the case was transferred to this court. *See* Tex. R. App. P. 41.3.

## II. ISSUES ON APPEAL

In his first and fourth issues, Romero contends that the trial court erred in granting the roofing company's traditional and no-evidence summary judgment motion. In his second issue, Romero contends that the trial court erred in denying his motion to strike deemed admissions. In his third issue, Romero contends that the trial court erred in refusing to consider Romero's TCPA motion to dismiss Kidd Roofing's business disparagement claim. We need address only Romero's second and third issues to finally dispose of this appeal.

## Withdrawal of Deemed Admissions

In his second issue, Romero contends that the trial court erred in denying his motion to strike the deemed admissions and motion for new trial.

## A.    Applicable Law and Standard of Review

Requests for admissions are intended to simplify trials, and they are useful for addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents. *Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam). They also may be used to elicit "statements of opinion or of fact or of the application of law to fact." *Id.* (quoting Tex. R. Civ. P. 198.1). They are not intended for the purpose of asking the defendant to admit the validity of the plaintiff's claims or to concede defenses that are in dispute. *Id.*; *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam).

If a party serves a request for admissions and the recipient fails to timely respond, then each request is deemed admitted by operation of law. *See* Tex. R. Civ. P. 198.2(c). An admission conclusively establishes the matter as to the party making the admission unless the court permits the party to withdraw or amend the admission. Tex. R. Civ. P. 198.3. A trial court has broad discretion to permit or deny the withdrawal of deemed admissions, but it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Marino*, 355 S.W.3d at 633; *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (per curiam).

A court may permit the party to withdraw an admission if the party shows (1) good cause for the withdrawal, and (2) the court finds that the party relying upon the deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to withdraw. Tex. R. Civ. P. 198.3. Good cause is established by showing that the failure to respond was accidental or the result of mistake, rather than intentional or the result of conscious indifference. *Wheeler*, 157 S.W.3d at 442. A lack of undue prejudice requires a showing that withdrawing the admission will not delay the trial or significantly hamper the opposing party's ability to prepare for it. *Id.*

Ordinarily, the party seeking withdrawal of the admissions has the burden of proof. *Swanson v. State*, No. 03-16-00729-CV, 2017 WL 1832492, at \*2 (Tex. App.—Austin May 2, 2017, no pet.) (mem. op.). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, due process requires that the party opposing the withdrawal prove that the moving party's failure to respond to the admissions resulted from flagrant bad faith or callous disregard of the rules. *See Marino*, 355 S.W.3d at 633–34; *Wheeler*, 157 S.W.3d at 443–44; *Swanson*, 2017 WL 1832492, at \*3. This is because deemed admissions that preclude a presentation on the merits implicate the same due process concerns as case-ending discovery sanctions. *See Marino*, 355 S.W.3d at 634; *Wheeler*, 157 S.W.3d at 443. As the Supreme Court of Texas has repeatedly explained, requests for admissions are intended to simplify trials and "should be used as 'a tool, not a trapdoor.'" *Marino*, 355 S.W.3d at 632 (quoting *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008)).

Moreover, a summary judgment motion based on merits-preclusive deemed admissions incorporates the need to show flagrant bad faith or callous disregard as an element of the movant's summary judgment burden. *Marino*, 355 S.W.3d at 634. Accordingly, the summary judgment movant must establish that the non-movant acted with flagrant bad faith or callous disregard for the rules to substantiate a summary judgment based on deemed admissions. *Swanson*, 2017 WL 1832492, at \*3 (citing *Marino*, 355 S.W.3d at 633); *see also Medina v. Raven*, 492 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("This showing of flagrant bad faith or callous disregard is 'an element of the movant's summary judgment burden.'") (quoting *Yacoub v. SureTec Ins. Co.*, No. 14-13-00274-CV, 2015 WL 1928618, at \*3 (Tex. App.—Houston [14th Dist.] Apr. 28, 2015, no pet.) (mem. op.)).

7

**B.** **The Trial Court Erred in Denying Motion to Withdraw Merits-Preclusive Deemed Admissions**

In his second issue, Romero urges several reasons why the trial court's refusal to permit him to withdraw the deemed admissions was error. Romero first argues that he promptly answered the request for admissions as soon as he became aware of it and there is no evidence that Kidd Roofing's request for admissions was actually served on Romero along with Kidd Roofing's original petition. Romero also argues that his motion to strike the deemed admissions, the summary judgment response, and his supporting affidavit disputing Kidd Roofing's claims were timely filed prior to the summary judgment hearing. Further, Romero contends that the trial court erroneously imposed merits-preclusive sanctions on him even though the record demonstrates good cause and no undue prejudice.

As an initial matter, Kidd Roofing contends that Romero failed to preserve error on this issue because he failed to set the motion to withdraw deemed admissions for a hearing or bring it to the trial court's attention at the summary judgment hearing, and he waited until the hearing on the motion for new trial to request that the deemed admissions be withdrawn.

The supreme court has held that, under special circumstances, a party may bring a request to withdraw deemed admissions for the first time in a motion for new trial after summary judgment. *See Wheeler*, 157 S.W.3d at 442–43; *see also Marino*, 355 S.W.3d at 633–34 (holding that no waiver occurred even though pro se appellant failed to file either a summary judgment response or a motion to withdraw deemed admissions prior to motion for new trial, when good cause and no undue prejudice was shown). At the same time, the supreme court has also held that "the equitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before judgment and has other

8

avenues of relief available." *Wheeler*, 157 S.W.3d at 442 (citing *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002))

Here, Romero argues that no evidence confirms that Romero was served with the request for admissions along with the original petition and request for disclosure, and therefore Romero's responses cannot be late. Romero points out that Kidd Roofing's citation and return of service state only that he was served with an original petition and request for disclosure. Kidd Roofing's documents show that its law firm instructed the process server to serve the request for admissions with the citation and original petition and that the process server received that request. But, these documents do not conclusively demonstrate that the request for admissions was actually served on Romero with Kidd Roofing's original petition, and neither party presented affidavits on the issue. The evidence presented, while not conclusive, at least raises a fact issue as to the timeliness of Romero's response. *See Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that a party's duty to respond to a request for admissions "is dependent upon receipt of the request" and when service is not perfected "the receiving party cannot be made to suffer the consequences of not answering or untimely answering").

Assuming without deciding that Romero's answers were late, it is undisputed that Romero immediately sought to correct his mistake by answering Kidd Roofing's request for admissions within hours of receiving the notice of deemed admissions. Kidd Roofing received Romero's responses—in which Romero denied every request for admission—at least one month before filing its summary judgment motion based on deemed admissions. Kidd Roofing even attached Romero's responses to its summary judgment motion as evidence that the responses were late but did not otherwise mention them.

9

Romero also responded to Kidd Roofing's summary judgment motion by filing a motion to strike the deemed admissions prior to the summary judgment hearing and attaching a copy of his responses to the request for admissions. In the motion, Romero argued that there was good cause for the court to strike the deemed admissions because Kidd Roofing had not presented evidence that Romero was served with the request for admissions, Romero responded to the request for admissions as soon as he first became aware of it, and Kidd Roofing would not be unduly prejudiced if the admissions were stricken because the discovery period was not due to close for several months. On the same day, Romero also timely filed a response to Kidd Roofing's summary judgment motion.

Kidd Roofing argues that Romero failed to demonstrate good cause to grant a new trial and that granting a new trial now would cause undue delay and inflict further harm upon it. But Kidd Roofing does not point to anything in the record demonstrating that Romero's failure to request a hearing on the motion was intentional or the result of conscious indifference rather than an accident or mistake. *See Wheeler*, 157 S.W.3d at 442. Nor does Kidd Roofing explain why granting a new trial and withdrawing the deemed admissions would delay trial or significantly hamper its ability to prepare for trial. *See id.* at 443; *see also Marino*, 355 S.W.3d at 633–34 (holding that there was no evidence that summary judgment movant would suffer undue prejudice when late-filed response to request for admissions was received before movant filed motion for summary judgment on deemed admissions).

Although the record does not show that Romero set his motion to strike the deemed admissions for a hearing and Romero's attorney apparently did not raise the issue at the hearing on Kidd Roofing's summary judgment motion,[3] Romero's

---

[3] We do not have a record of the summary judgment hearing.

10

filings are some evidence that Romero intended to oppose Kidd Roofing's summary judgment motion and the deemed admissions on which Kidd Roofing's motion was based. In addition, Romero's attorney argued at the motion for new trial that the attorneys had filed with the court the documents believed to be necessary, that Romero had answered the requested admissions before the summary judgment was filed, and that Romero's affidavit in support of his summary judgment response raised defenses to Kidd Roofing's claims.

Similarly, in *Medina v. Raven*, the record showed that appellee received the appellants' late-filed responses well before summary judgment was rendered, and the appellants argued and presented evidence that they had not been served with the requests for admissions, that genuine issues of material fact existed, and that a refusal to set aside the deemed admissions would deprive them of a trial on the merits of their claims. *See* 492 S.W.3d at 56–57. The court held that the appellants did not waive their motion to withdraw deemed admissions even though the relief was first requested in conjunction with a motion for new trial. *See id.* at 59–60. We likewise conclude that on this record, Romero did not waive his request to strike the deemed admissions by waiting until its motion for new trial to argue that the deemed admissions should be withdrawn.

Kidd Roofing does not deny that it tried to use the deemed admissions to preclude the presentation of Romero's case on the merits.[4] Indeed, Kidd Roofing

---

[4] As set out above, Kidd Roofing's summary judgment motion relied on five deemed admissions to preclude the presentation of the merits of Romero's defenses. The admissions were used as evidence that: Romero entered into a "valid agreement" with Kidd Roofing; Kidd Roofing "performed its obligations" under the contract; Romero breached the contract by failing to give payment instructions to his insurance carrier and by failing pay Kidd Roofing a stated sum; and Romero published false and disparaging words about Kidd Roofing with the intent of interfering with its business. *See Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 858–59 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (explaining that requests for admissions that ask a party to essentially admit the validity of its opponent's claims, concede defenses, or make admissions of law are not proper uses for requests for admissions).

11

argued in response to Romero's motion for new trial that the trial court correctly granted summary judgment "based on" the deemed admissions. Because the deemed admissions were merits-preclusive, the burden of establishing bad faith or callous disregard for the rules shifted to Kidd Roofing. *See Marino*, 355 S.W.3d at 633; *Swanson*, 2017 WL1832492, at *3. But Kidd Roofing has not argued or presented any evidence that Romero's actions amounted to flagrant bad faith or callous disregard for the rules.

Moreover, Romero served his response to the request for admissions before Kidd Roofing filed its summary judgment motion based on the deemed admissions, and Romero moved to withdraw the deemed admissions shortly after the summary judgment motion was filed. *See Swanson*, 2017 WL1832492, at *4 (concluding on similar facts that the record contained no evidence of bad faith or callous disregard of the rules of procedure, and no undue prejudice). Because the record contains no evidence of flagrant bad faith or callous disregard for the rules, nothing to justify a presumption that Romero's case lacks merit, and nothing to suggest that Kidd Roofing was unable to prepare for trial without the admissions, we hold that the trial court abused its discretion when it failed to grant Romero's motion for new trial and allow the merits-preclusive admissions to be withdrawn. *See Wheeler*, 157 S.W.3d at 443; *Swanson*, 2017 WL1832492, at *4; *Medina*, 492 S.W.3d at 63–64.

Kidd Roofing next contends that the trial court properly granted its traditional and no-evidence summary judgment motion because all of the evidence before the trial court supported the motion. First, Kidd Roofing argues that Romero's motion was not properly before the court because Romero filed his affidavit in support of his response to the motion less than seven days before the summary judgment hearing scheduled for September 18, 2017, and the trial court

did not grant Romero's motion requesting leave to late-file the affidavit. *See* Tex. R. Civ. P. 166a(c). Additionally, Kidd Roofing asserts that the trial court's order granting summary judgment also ordered that any other relief requested was denied, which operated to deny Romero's motion for leave to late-filed the affidavit.

Kidd Roofing's arguments overlook the fact that the summary judgment hearing date was reset from September 18 to October 3, making the affidavit timely filed. *See Dorsett v. Hispanic Hous. & Educ. Corp.*, 389 S.W.3d 609, 611–12 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that non-movant's response was timely even though it was filed less than seven days before original date of summary judgment hearing when hearing was rescheduled to a date one month later). For the same reason, Romero's amended, verified answer required Kidd Roofing to prove its sworn account claim. *See Hose ProConnectors, Inc. v. Parker Hannifin Corp.*, 889 S.W.2d 555, 558 (Tex. App.—Houston [14th Dist.] 1994, no writ) (stating that once a defendant in a suit on a sworn account files a verified denial as required by Rule 185, the evidentiary effect of the itemized account is destroyed, and the plaintiff is forced to prove its case).

Romero's affidavit, if taken as true, and his amended, verified answer controverted Kidd Roofing's version of events and raised fact issues on each of the claims asserted in Kidd Roofing's traditional summary judgment motion.[5] Accordingly, nothing in the record overcomes the presumption that the presentation of the merits will be served by allowing Romero to withdraw his merits-preclusive deemed admissions. *See Swanson*, 2017 WL1832492, at *4.

---

[5] Kidd Roofing would not be entitled to a no-evidence summary judgment because Rule 166a does not permit a party to move for a no-evidence summary judgment when the moving party has the burden of proof. *See* Tex. R. Civ. P. 166a(i); *Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 904 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

13

We therefore sustain Romero's second issue. Because the trial court abused its discretion by failing to grant Romero's motion for new trial and allow the merits-preclusive admissions to be withdrawn, we reverse the trial court's judgment and remand the case for further proceedings. We therefore do not reach Romero's first and fourth issues.

## TCPA Motion to Dismiss

In his third issue, Romero contends that the trial court erred in in not applying the TCPA to the facts of the case to protect Romero's First Amendment right to free speech in expressing his opinions online regarding the services rendered by Kidd Roofing. Kidd Roofing responds that the trial court did not err because Romero's motion to dismiss Kidd Roofing's business disparagement claim was untimely filed. We agree with Kidd Roofing.

The TCPA provides for dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association" as defined by the statute. Tex. Civ. Prac. & Rem. Code § 27.003(a). A motion to dismiss a legal action under the TCPA "must be filed not later than the 60th day after the date of service of the legal action." *Id*. § 27.003(b). However, the trial court may extend the time to file a motion on a showing of good cause. *Id.*; *see Morin v. Law Office of Kleinhans Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at *3 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.) (stating that the granting of an extension of time under section 27.003(b) is left to the trial court's discretion).

In this case, Romero was served with Kidd Roofing's lawsuit on May 28, 2017. Romero did not file his TCPA motion to dismiss until September 11, 2017, more than 160 days after the statutory deadline. Although Romero points out that he included a request for a hearing in his motion to dismiss, he did not set his

14

motion for a hearing or make an oral or written motion to extend the sixty-day filing deadline for good cause. The trial court made no ruling on Romero's motion to dismiss. On appeal, Romero complains that the trial court simply disregarded his motion without providing an opportunity for further discovery or a "merits-based finding to resolve the legitimate issues raised."

Because Romero's TCPA motion to dismiss was filed well after the sixty-day deadline required by the statute, the trial court did not err in refusing to consider the untimely motion. Tex. Civ. Prac. & Rem. Code § 27.003(b); *see Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.) (holding that the TCPA requires a defendant seeking its protections to move for dismissal and obtain a hearing on the motion within clearly defined periods or forfeit the statute's protections); *Miller Weisbrod, L.L.P. v. Llamas-Soforo*, 511 S.W.3d 181, 193–94 (Tex. App.—El Paso 2014, no pet.) (holding that TCPA motion to dismiss filed after sixty-day deadline was untimely). Moreover, absent a request and a ruling on a motion for extension of time, any complaint that the trial court abused its discretion by refusing to consider the late-filed motion to dismiss has not been preserved for review. *See* Tex. R. App. P. 33.1(a); *Miller Weisbrod*, 511 S.W.3d at 194; *In re Estate of Check*, 438 S.W.3d 829, 836 (Tex. App.—San Antonio 2014, no pet.).

Nevertheless, Romero cites to *Marino* to assert that "constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults," *see* 355 S.W.3d at 634, and points out that his motion to dismiss was filed more than twenty-one days before the summary judgment hearing. According to Romero, his failure to timely file the motion to dismiss was merely a "procedural defect" that should not have resulted in the "merits-preclusive sanction" that occurred when the trial court disregarded his

15

motion and instead granted the business disparagement claim based on the deemed admissions. But Romero cites no case holding that *Marino*'s due process analysis overrides the TCPA's express statutory filing deadline, and his argument runs counter to the TCPA's procedure for expediting the dismissal of claims brought to intimidate or to silence a defendant's exercise of First Amendment rights. *See ExxonMobil Pipeline Co. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). We therefore decline to adopt his argument and overrule Romero's third issue.[6]

### III. CONCLUSION

We overrule Romero's third issue and do not reach his first and fourth issues. We sustain Romero's second issue and hold that trial court abused its discretion by failing to grant Romero's motion for new trial and allow the merits-preclusive admissions to be withdrawn. We therefore reverse the trial court's judgment and remand the case for further proceedings.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

---

[6] Accordingly, on remand the case should continue "as if the motion to dismiss was never filed." *See Braun*, 2017 WL 4250235, at *3.