# JIM SANDERS ET AL V. O. Z. HARDER.

No. A-2403. Decided February 8, 1950.
Rehearing overruled March 15, 1950.
(227 S. W., 2d Series, 206.)

594

*C. B. Bunkley, Jr.,* and *W. J. Durham,* both of Dallas, for petitioners.

The Court of Civil Appeals erred on holding that the corroborating circumstances in this case, do meet the requirements of the law. Harrison v. Sharpe, 210 S. W. 731; West v. Dugger, 278 S. W. 241; Traders & Gen. Ins. Co. v. Milliken, 110 S. W. (2d) 108, 112.

*J. C. Dorbandt,* of Tyler, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This suit had its origin in .a motion filed by respondent, Harder, to revive a default judgment against petitioners, Jim Sanders and wife, Jessie Sanders, so that writs of possession and execution might issue thereon. The judgment sought to be revived was rendered on June 17, 1941, in an action of trespass to try title. It awarded to respondent the title to an 86.27-acre tract of land in Smith County. In answer to the motion to revive, petitioners alleged that no legal service of citation was had upon them before the rendition of the judgment; that they had no knowledge, directly or indirectly, of the filing of the suit until long after the judgment was rendered; and that they had a meritorious defense to the cause of action alleged by the respondent in that case. They sought no affirmative relief. Under the holding in the recent case of Cox v. Nelson, 223 S. W. (2d) 84, error refused, it appears that the judgment had not become dormant, but since the case has been tried and appealed on the theory that it was dormant, and since the judgments below decreed that it was valid, notwithstanding the verdict set out below and ordered that writ of possession issue, we shall decide the questions of law presented by the appeal.

The case was submitted to the jury on two special issues. Issue No. 1 was as follows: "Do you find from a preponderance of the evidence that citation was not served on Jim Sanders on or about May 29, 1941, in the case of O. Z. Harder v. Jim Sanders et ux #10,481-A?" To that issue the jury answered: "Citation was not served on Jim Sanders." The other special issue made the same inquiry as to Jessie Sanders, and the jury's answer was the same as that to issue No. 1.

After the verdict was returned, respondent filed. a motion for judgment non obstante veredicto upon two grounds. The first ground was that a request for admissions under Rule of Civil Procedure No. 169 had been served upon the attorney for petitioners; that petitioners did not deliver to respondent or to his attorney of record a sworn statement denying any of the matters inquired about in the request or setting forth why they could not either admit or deny the same; wherefore, it was urged they had made judicial admissions binding upon them, and the court should not have admitted any evidence contradicting the facts admitted.

The second ground was that the testimony of petitioners denying that citation was served upon them was not corrobor-

ated by any other witness or fact or circumstance in the record; that the testimony of defendants that they had not been served is not sufficient to impeach an officer's return; and that there being no evidence other than the testimony of petitioners, no issue of fact was raised for the jury's determination.

The court overruled the first ground of the motion but sustained the second ground, and accordingly rendered judgment against petitioners. The Court of Civil Appeals affirmed the case, one of the justices dissenting. 223 S. W. (2d) 61.

■ The court did not err in overruling the first ground of the motion. On June 28, 1948, respondent served a request for admissions on petitioners' attorney, affirmative answers to which would have proved respondent's case. On July 7, within ten days after the request was served, petitioners replied thereto, denying under oath all the matters inquired about. Their reply was filed with the District Clerk of Smith County, where the case was pending, but respondent did not learn that it had been filed until the case was called for trial. When he learned that it had been filed with the clerk, he did not request a continuance but stated in open court that he was not surprised that petitioners claimed that they were not served.

■■ Rule 169 is a part of our pre-trial procedure. Its source is Federal Rule 36, with minor textual changes. The relevant portions thereof are:

"At any time after the defendant has made appearance in the cause, or time therefor has elapsed, a party may deliver or cause to be delivered to any other party or his attorney of record a written request for the admission by such party * * * of the truth of any relevant matters of fact set forth by the request. * * * Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after delivery thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or seting forth in detail the reasons why he cannot truthfully either admit or deny those matters." An amendment of this rule will become effective March 1, 1950,* but we are not concerned with the amendment here.

*See this volume, page 614.

The primary purpose of the rule is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense. When the language of the rule is considered in the light of its purpose, there is no doubt that some discretion is lodged in the trial court in its enforcement. The only particular in which petitioners failed to comply literally with the rule is that they filed their reply with the District Clerk instead of the respondent. Had they requested additional time within which to file it with respondent and given him notice thereof, then by the express language of the rule the court could have extended the time. In effect, the reply was delivered to respondent on the day of the trial. A motion at that time to extend the time within which to reply was unnecessary, for it was already delivered to respondent and he had notice of that fact. The court qualified the respondent's bill of exceptions by stating that he did not ask for a continuance. Had a continuance been requested and granted, there clearly would have been a substantial compliance with the rule. Since respondent did not request a continuance, but instead procured the attendance of the deputy who made the return and used him as a witness on the issue of service, there was nonetheless a substantial compliance therewith and the trial court did not err in so ruling.

■ The ground of the motion for judgment non obstante veredicto which was sustained by the court was, in substance, that there being no evidence except the testimony of the petitioners themselves that they were not served with citation no issue of fact was raised for the jury's determination. The return of the sheriff on the citation recites service, and the deputy who made the return testified that he served both petitioners on the date named in the return. That testimony was contradicted by petitioners. Were the denials of service by petitioners the only evidence before the court, then no issue should have been submitted to the jury, for, as held by the Court of Civil Appeals, the return of a sheriff on a citation may not be impeached by the uncorroborated testimony of the party or parties shown by the return to have been served. Gatlin v. Dibrell, 74 Texas 36, 11 S. W. 908; Harrison v. Sharpe, 210 S. W. 731, error refused. But it is not required that the corroborating evidence be direct. It may be wholly circumstantial.

■ An examination of the record has convinced us that there are corroborating circumstances in this case. Jim Sanders

bought this property in 1925 and moved upon it in 1926. He married Jessie Sanders in 1933, and the property has been occupied by them as a homestead since that date. It would be most unnatural for a husband and wife to ignore a suit which would take their homestead from them. After the default judgment was rendered in 1941 their possession was not disturbed until a writ of scire facias was served upon them in this case approximately seven years later. That unusual delay unexplained lends some support to petitioners' testimony. Jim Sanders testified that he made improvements on the property after 1941. Immediately after he made that statement the court sustained an objection made by respondent's attorney to the admission of any testimony in regard to any improvements. It cannot be known to the court just what character of evidence might have been introduced had not the objection been sustained and petitioners thereby cut off from developing the matter. Other circumstances are relied upon by petitioners, but we think that those mentioned, while not as strong as might be desired, do constitute some competent evidence corroborating the testimony of the petitioners.

■ We do not understand the opinion of the Court of Civil Appeals to hold that there were no circumstances corroborating petitioners' testimony, but that the circumstances were not clear and convincing, and for that reason were insufficient to destroy the return. In certain types of cases courts have frequently pointed out that the facts must be established by clear and convincing evidence. That rule, as said in Carl v. Settegast (Com. App.), 237 S. W. 238, arose at a time when such suits were cognizable only in courts of chancery where matters of fact, as well as of law, were tried by the chancellor. Verdicts of juries in those courts were advisory only. In our blended system the field in which that rule operates is very narrow. In practical effect it is but an admonition to the judge to exercise great caution in weighing the evidence. No doctrine is more firmly established than that issues of fact are resolved from a preponderance of the evidence, and special issues requiring a higher degree of proof than a preponderance of the evidence may not be submitted to a jury. Carl v. Settegast, supra; McCormick and Ray on Evidence, Section 30. In ordinary civil cases trial courts and Courts of Civil Appeals may set aside jury verdicts and grant new trials when, in their opinion, those findings, though based upon some evidence, are against the great weight and preponderance of the evidence, but they may not render judgment contrary to such findings. In those cases in which the "clear and convincing" rule is applicable if, in the opinion of the trial

judge, the evidence in support of the verdict does not meet the test of that rule, he may set it aside and order a new trial; but he should not render judgment contrary thereto.

In the case under review, if there had been no evidence at all impeaching the officer's return except the testimony of the parties alleged to have been served, then no issue of fact would have been raised, because the return and the testimony would have counterbalance each other and left no evidence to raise an issue, but since some corroborative evidence was offered, the trial judge was authorized, if not convinced thereby, to set aside the verdict and grant a new trial, but he was not authorized to render a judgment non obstante veredicto. Such judgments are authorized only when there is no evidence warranting a submission of issues to a jury. Rule 301, T. R. C. P.

■■ This brings us to a consideration of the order to be entered here. In interpreting Rule of Civil Procedure No. 324 this court has held that where an appellate court determines that the trial court erred in rendering judgment non obstante veredicto, it will reverse the trial court's judgment and render judgment in harmony with the verdict unless the appellee files cross assignments of error, pointing out errors committed against him in the trial court which would have prevented an affirmance of the judgment had one been entered by the trial court upon the verdict. Le Master v. Fort Worth Transit Co., 138 Texas 512, 160 S. W. (2d) 224; International Printing Pressmen and Assistants' Union of North America v. Smith, 145 Texas 399, 198 S. W. (2d) 729; City of Houston v. Lurie, 148 Texas 391, 224 S. W. (2d) 871. While respondent filed no cross assignments revealing error committed against him on the trial, still we cannot apply the above rule here. This, for the reason that the verdict is insufficient to form the basis of a judgment that he take nothing. The sole findings of the jury were that neither petitioner was served with citation in the original suit. Those findings are not conclusive against respondent's right to have writ of possession issue. In order to avoid the legal effect of the judgment rendered and to defeat the right of the respondent to have writ of possession issue, petitioners were required to prove that they had a meritorious defense thereto, notwithstanding they were not legally cited. Commercial Credit Corp. v. Smith, 143 Texas 612, 187 S. W. (2d) 363. There is no finding on that issue, and it is not established as a matter of law. The motion for judgment non obstante veredicto did not include the ground that there was no evidence of a meritorious defense to the original suit. With the record in that condition, judgment should not be rendered here against respondent.

The judgments of both the trial court and the Court of Civil Appeals are reversed, and the cause is remanded.

Opinion delivered February 8, 1950.

Rehearing overruled March 15, 1950.