**OSCAR ABBOTT CONTRACTORS, INC.,**
Appellant,

v.

**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellee.**

No. 14571.

Court of Civil Appeals of Texas.

San Antonio.

May 17, 1967.

Rehearing Denied June 14, 1967.

House, Mercer, House & Brock, San Antonio, for appellant.

F. N. Welmaker, Clemens, Knight, Weiss & Spencer, San Antonio, for appellee.

BARROW, Chief Justice.

This suit was brought by a subcontractor to recover from the surety on a payment bond issued pursuant to Art. 5160, Vernon's Ann.Civ.St.

Appellant, hereinafter referred to as Abbott, Inc., entered into a written contract with the general contractor, Martin Brothers General Contractors, Inc., hereinafter referred to as Martin Bros., to furnish the labor, material and equipment to erect and remove all metal pan forms and shoring required under Martin Bros.' contract to construct a Technical Arts Center at San Antonio College. Appellee, hereinafter referred to as F. & D., executed performance and payment bonds on behalf of Martin Bros. on the prime contract in the amount of $1,376,070. Shortly after the work on this project was begun, Martin Bros. went broke and was unable to complete its contract.

F. & D., as surety on these bonds, was required to see that the project was completed. It asked for new bids to complete the project and Harwell & Harwell, hereinafter referred to as Harwell, was the low bidder. Martin Bros. had eighteen or twenty subcontractors on this project and F. & D. verified the amount owed each at the time Martin Bros. went broke. F. & D. offered to pay all subcontractors, including Abbott, Inc., the amount owed them by Martin Bros., provided each subcontractor would enter into a new subcontract with Harwell to complete said subcontract for the balance remaining due under his original subcontract with Martin Bros.

Abbott, Inc. and Harwell had gotten into a dispute on a prior job they had worked on together and Mr. Abbott, president of Abbott, Inc., claimed that Harwell owed Abbott, Inc. $1,900. As a result thereof, Abbott, Inc. refused to enter into a subcontract with Harwell and brought this suit to recover $2,267.44 for the value of the work it had performed on its contract when Martin Bros. went broke, together with reasonable attorney's fees. A take-nothing judgment was rendered non obstante veredicto.

Abbott, Inc.'s subcontract was for installation of pan forms in which concrete was to be poured by the prime contractor; however, the forms were removed before being used and other forms erected by Harwell. F. & D. asserted a cross-action for $3,000 additional expense thereby incurred in completing the contract, but no complaint is asserted on this appeal to the denial of same. F. & D. admitted that Abbott, Inc. performed work of the value sued for, but denied any liability to Abbott, Inc., since the pans and forms were not used in completion of the contract and therefore were of no value to the contractor. F. & D. asserts that Harwell was prevented from using same by the act of Abbott, Inc. in removing the pans in place before their use.

Two issues were submitted to the jury and answered favorably to Abbott, Inc.: (1) Abbott, Inc. was justified in removing the pans in place from the construction in question; and (2) Abbott, Inc. is entitled to receive payment for the work performed by it up to the time Martin Bros. defaulted.

Abbott, Inc. urges that the trial court erred in granting F. & D.'s motion for judgment non obstante veredicto. Rule 301, Texas Rules of Civil Procedure, authorizes a trial court to render judgment non obstante if a directed verdict would have been proper, and, further, it may disregard any special issue finding that has no support in the evidence.

The record must be examined under the "no evidence" test to determine the propriety of this judgment non obstante veredicto. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962); Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950). In considering whether there was any evidence to raise a fact issue and to support the jury's answers, we must consider only the evidence and the reasonable inferences to be drawn therefrom, that are favorable to

the answers of the jury. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957); Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682 (1955).

The pans were installed on the project by Abbott, Inc. in accordance with its subcontract and the project plans, for the purpose of providing forms in which to pour concrete. Abbott, Inc. was a claimant as defined in Sec. C, Art. 5160, supra. F. & D. does not now contend that Abbott, Inc. was required to execute a new contract with Harwell as a predicate for payment of the amount owed when Martin Bros. went broke. It urges, however, that Harwell was entitled to use the pans in place, and the controversy in this case is whether Abbott, Inc. refused to permit the pans in place to be used.

 Mr. Abbott testified that the only proposition made by F. & D., after Martin Bros. went broke, was that Abbott, Inc. would be paid for this work previously performed only if Abbott, Inc. signed a new subcontract with Harwell. Such a written proposal was submitted to Abbott, Inc. and no other written proposal was made. Mr. Abbott denied that he ever told F. & D.'s representative or Mr. Harwell that they would have to "buy his pans" if Harwell poured concrete in the pans in place. Mrs. Abbott testified that Harwell's estimator advised her that the pans in place were being removed by Harwell and that Abbott, Inc. should pick them up at the project site. This testimony, although contradicted by F. & D.'s witnesses, raised a fact issue as to whether Abbott, Inc. refused to permit the use of its pans in place. The trial court erred in granting F. & D.'s motion for judgment non obstante veredicto.

■ This disputed fact issue was not fairly submitted to the jury. Issue No. 1 inquired about the "removal" of the pans. The record is undisputed that a substantial part of the pans in place were taken down by Harwell and that Abbott, Inc. was re-quested by Harwell to remove its forms and other material from the site. This issue does not relate to the controversy of whether Abbott, Inc. refused to permit the use of its pans in place. It is our opinion that this disputed fact issue is fairly presented in F. & D.'s requested issue No. 1, which inquires if Abbott, Inc. refused to allow Harwell to use the pans in place. We therefore sustain F. & D.'s cross-point that the trial court erred in refusing to submit this duly requested issue.

The judgment of the trial court is reversed and the cause remanded for a new trial.