**INTERNATIONAL SERVICE INSURANCE COMPANY, Appellant,**

**v.**

**MARYLAND CASUALTY COMPANY, Appellee.**

**No. 14643.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 22, 1967.

Wiley, Thornton & Plumb, San Antonio, for appellant.

House, Mercer, House & Brock, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, hereinafter referred to as International, brought this suit seeking a judgment declaring that appellee, hereinafter referred to as Maryland, had an automobile liability policy in effect on August 28, 1965, on an automobile operated by Arthur B. Curvier, Sr., and that Maryland must share prorata with International on any claims against Curvier by reason of an automobile collision on that date. The principal question is whether Maryland's policy was cancelled prior to that date. Maryland also urges that notice of the accident was not timely given. The trial court entered judgment non obstante vere-

dicto that appellant take nothing by its suit.[1]

■ A trial court is authorized to render judgment non obstante veredicto only when there is no evidence warranting a submission of the issue to the jury. Rule 301, Texas Rules of Civil Procedure; Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950). In considering this record under the no evidence test we must consider only the evidence and the inferences tending to support the verdict and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965).

The facts are largely undisputed. In June, 1965, Curvier, Jr., purchased a 1959 Ford automobile, and on June 15, 1965, he secured an automobile policy issued by Maryland. This policy was purchased through the Van Horn-Goldsbury-Magrane Insurance Agency, hereinafter referred to as VGM Agency, which agency is a local recording agent of Maryland. Curvier, Jr., paid $20.20 down and executed a premium note whereby the balance was payable at the rate of $10.35 each month, commencing July 15, 1965.

On July 21, 1965, Derrel Heginbotham, an underwriter of Maryland assigned to its San Antonio office, wrote VGM Agency and, after pointing out several apparent weaknesses in this risk, requested that the agency return said policy for cancellation within 15 days, or immediately advise the underwriter if he was wrong in his evaluation of the risk. Miss Judy Magro, a general office employee of VGM Agency, discussed this letter with Mr. Magrane, a partner in said Agency, who told her to cancel the policy. On July 23, 1965, she sent a notice to Curvier, Jr., that the policy would be cancelled effective August 4, 1965. This notice was received by Curvier, Jr., and he immediately secured a policy, effective August 5, 1965, issued by International through another agency. Curvier, Jr., also admittedly received and cashed the check sent him by VGM Agency in refund of the unused premium. In the meantime, the superintendent of Maryland's premium note department at Houston discovered that the July 15, 1965, monthly payment was not made and, without knowledge of the first cancellation notice, sent a cancellation notice on behalf of Maryland cancelling the policy effective August 29, 1965. However, Curvier, Jr., on August 18, 1965, embarked on a Navy ship for Vietnam and never received the second cancellation notice. Before leaving San Antonio, he gave his father permission to operate the car which was involved in a collision on August 28, 1965.

■ The Maryland policy provides in part that it "may be cancelled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective." Here written notice was timely given to the insured and not only admittedly received by him, but also understood by him. Curvier, Jr., testified that he believed this policy was thereby cancelled and therefore he bought the International policy. International urges that the cancellation was

[1.] The jury found:
1. That Curvier, Jr., did not recognize and accept August 4, 1965, as the cancellation date for the policy in question.
2. That notice of the accident of August 28, 1965, was given to Maryland by Curvier, Sr., or someone acting for him.
3. That such notice was given as soon as practicable after the accident.

ineffective in that Miss Magro had no authority to act on behalf of Maryland.

The letter from Maryland's underwriter gave the VGM Agency the option of either cancelling the policy or of calling the erroneous classification to the underwriter's attention at its earliest convenience. Mr. Magrane elected to cancel and instructed his employee, Miss Magro, to send the cancellation notice. This was in accordance with the instructions of Maryland and therefore was a cancellation notice exercised by the Company in accordance with the terms of the policy. It is immaterial that Miss Magro was not a local recording or soliciting agent of Maryland, although she had signed the policy in the first place as "authorized representative" of VGM Agency. She was authorized to do so in both instances by her employer who was acting on behalf of the Company.

■ There is no contention that the second notice of cancellation which was never received by Curvier, Jr., misled him, or any other party, in any manner. It was therefore immaterial. Furthermore, the fact that Miss Magro refunded Curvier, Jr., $10.35 too much money, based upon her erroneous assumption that he had made the July 15, 1965, premium payment, is also immaterial.

Under the undisputed evidence, the policy issued by Maryland was cancelled in accordance with the terms thereof prior to the time of the collision. The trial court did not err in granting a take-nothing judgment non obstante veredicto. Willis v. Allstate Insurance Co., 392 S.W.2d 799 (Tex. Civ.App.—Dallas 1965, writ ref'd n. r. e.); Treadwell v. International Travelers Assur. Co., 60 S.W.2d 536 (Tex.Civ.App.—El Paso, 1933, writ ref'd); Appleman, Insurance Law & Practice, § 5011.

The judgment is affirmed.