**David M. KIRBY, Appellant,**

v.

**A. H. SPITZENBERGER, Jr., Appellee.**

**No. 4715.**

Court of Civil Appeals of Texas, Eastland.

Sept. 5, 1974.

Rehearing Denied Oct. 4, 1974.

John D. Griggs, Griggs & Archer, Dallas, for appellant.

J. W. Kincaid, Jr., Kincaid & Standefer, Grand Prairie, for appellee.

WALTER, Justice.

David M. Kirby filed suit against A. H. Spitzenberger, Jr. for damages growing out of an automobile collision. The plaintiff filed a request for admissions under Rule 169, Texas Rules of Civil Procedure, containing 45 requests. The case was set for trial and after a jury had been impaneled, the court granted the defendant's motion for a continuance so that he could amend and verify his reply to the request for admissions.

When the case came on for trial the second time and after the plaintiff announced ready for trial and before any evidence was introduced, he made a motion for an instructed verdict which was denied. The court then asked plaintiff's counsel if he wished to offer any evidence, to which among other things, he replied, "plaintiff respectively at this time rests and closes." The defendant did not offer any evidence. The court rendered, in part, the following judgment.

"It is therefore ORDERED, ADJUDGED & DECREED that Plaintiff take nothing and its cause of action is dismissed against this Defendant with all costs taxed against the Plaintiff."

The Statement of Facts reveals that upon plaintiff's motion to have his request adjudged to be admitted, he introduced into evidence several instrument exhibits marked 1–6, and we find exhibits 2, 3 & 5, but we fail to find the other exhibits. However, the transcript does contain plaintiff's request for admissions and the defendant's amended response to the request for admissions and we will assume that the court had these before him in the trial of this case. The court overruled plaintiff's motion to adjudge his request to be admitted and the plaintiff did not introduce any evidence. The plaintiff is before this court contending, in effect, that his request for admissions conclusively established every element of his cause of action and he was entitled to an instructed verdict.

In Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950) the court in discussing Rule 169, said:

"The primary purpose of the rule is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. *It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.* When the language of the rule is considered in the light of its purpose, there is no doubt that some discretion is lodged in the trial court in its enforcement." (emphasis ours)

We hold that the court did not abuse his discretion in failing to adjudge the request for admissions admitted. We hold that the plaintiff has not discharged his burden of showing that the Court erred in failing to grant his motion for an instructed verdict. We have considered all of plaintiff's points and find no merit in them. They are overruled. The judgment is affirmed.