**Opinion filed June 20, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00109-CV
_____

## IN RE PHILLIP SANDERS,

---
---

## Original Mandamus Proceeding

---
---

### O P I N I O N

This mandamus proceeding involves a series of requests for admissions that were deemed admitted after Realtor, Phillip Sanders, served his responses one day late. *See* TEX. R. CIV. P. 198.2(c). Finding no evidence in the record that Phillip's late response was an act of "flagrant bad faith or callous disregard for the rules," we conditionally grant the petition for mandamus, ordering the trial court to grant Phillip's motion to withdraw the deemed admissions. *See McEndree v. Volke*, 634 S.W.3d 413, 428 (Tex. App.—Eastland 2021, no pet.) (citing *Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011)).

### *Factual and Procedural Background*

Karen Bryant, Real Party in Interest, and Phillip Sanders are the only children of Charles Sanders. Karen, who is the temporary administrator of Charles's estate,

alleges that Phillip exercised undue influence over Charles shortly before his death in 2021. Karen claims that, as a result of such undue influence, Phillip has acquired multiple assets that belonged to Charles, including funds that are traceable to royalty payments for music copyrights. She also seeks a declaratory judgment that Charles was not competent when he executed multiple forms that opened bank accounts in which Charles and Phillip had joint rights of survivorship.

On December 19, 2023, Karen served 67 requests for admissions on Phillip, along with 146 requests for production of documents and 15 interrogatories. The requests for admissions systematically address all of the major allegations in Karen's pleadings. Collectively, the requests seek admissions that would establish virtually all of the facts necessary to render judgment against Phillip. For example, Request Nos. 60 and 61 ask Phillip to admit that he has illegally converted funds and that such a conversion was malicious and fraudulent. Likewise, Request No. 64 asks Phillip to admit that he holds money that "in equity and good conscience" belongs to Karen and Charles's estate.

Phillip's responses to Karen's discovery were due thirty days later, on January 18, 2024. *See* TEX. R. CIV. P. 196.2(a), 197.2(a), 198.2(a). However, counsel for Phillip did not serve the responses on counsel for Karen until January 19, 2024. Because Phillip failed to answer the requests for admissions in a timely manner, they were "considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c).

In several instances, Phillip responded to Karen's requests with a simple "Yes."[1] Phillip also responded to a number of requests by stating an admission or

---

[1]Rule 198.2(b) states that a responding party "must specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request." Although the word "admitted" is a more conventional form for responding to a request for admission, Phillip's responses of "Yes" also serve as a good-faith, unqualified admission.

denial, followed by a narrative explanation of his response that contained accusations of wrongful conduct directed at Karen or her counsel. For example, Request No. 31 asked Phillip to admit that, after Karen filed an application to be appointed as the administrator of Charles's estate, Phillip retained new counsel in Sweetwater. Phillip responded as follows: "Yes, all attorneys that Defendant has had couldn't deal with the relentless motions and tricks of Plaintiff."

Phillip did not clearly state an admission or a denial in response to Request Nos. 4, 15, 21, 33, 37, and 39. Instead, he provided narrative responses. For example, in response to a request seeking an admission that Karen had been appointed as administrator of Charles's estate, Phillip responded, in part, as follows:

> [Karen] was appointed Temporary Administrator due to tricky tactics. [Karen] set a zoom call at 10:30pm, and the hearing was held earlier in the day, so [Phillip] could not attend or contest. [Karen's] attorney was emailed regarding [Phillip] notifying them of the error and time set. However, [Karen's] attorney did not respond to [Phillip's] email.

On January 19, 2024, counsel for Karen sent an e-mail to counsel for Phillip noting that his responses were one day late. Karen's counsel asked Phillip's counsel to file amended responses that waived all objections. Thereafter, on January 31, 2024, counsel for Karen again e-mailed counsel for Phillip indicating that he had not received a "substantive" response and stating that he planned to file a motion to compel if he was not contacted "by this afternoon." Counsel for Phillip responded on the same day, stating that he would "try to get what you need" and asking about which categories of documents he should "focus" on. However, his e-mail did not address the deemed admissions. Counsel for Karen then replied that all responsive documents should be produced, but likewise made no effort to address the deemed admissions.

3

On February 2, 2024, counsel for Karen filed a motion to compel in connection with her written discovery. In the motion, counsel for Karen noted that Phillip's responses to the requests for admissions were already deemed admitted under Rule 198.2(c). The motion sought an order finding that Phillip's "frivolous, exaggeratedly irrelevant responses" constitute deemed admissions under Rule 215.4(a), which provides that the trial court may determine that a matter is admitted when the response is "evasive or incomplete." However, this part of the motion did not single out any individual responses that were allegedly "evasive or incomplete." Additionally, the motion sought sanctions in the form of "any and all ways that the Court deems necessary to ensure [Phillip's] future compliance with discovery requests and orders of the Court," including attorneys' fees.

On March 27, 2024, the trial court conducted a hearing on the motion to compel. During the hearing, counsel for Karen asked the trial court to consider several matters relating to Phillip's prior alleged misconduct. For example, counsel asked the trial court to consider Phillip's delay in paying $4,000 in attorney's fees that were awarded to Karen in connection with her previous motion to dismiss Phillip's counterclaims. Counsel also played three clips from a video deposition that was given by Phillip in connection with a petition to investigate claims under Rule 202 of the Texas Rules of Civil Procedure. In the first two clips, Phillip indicated that he would not answer questions relating to a Florida bank account because "[i]t falls underneath [a] Florida statute." In the third clip, Phillip accused counsel for Karen's firm of unethical conduct in connection with the hearing in which Karen was appointed administrator of Charles's estate.

At the conclusion of the hearing, the trial court chastised Phillip for laughing during an earlier part of the proceedings. The trial court then stated, "I saw your own words from your own mouth [in the deposition], and it's not very admirable and

4

it's not very professional. And if it continues, you can expect the Court's authority to come down on you as far as sanctions."

On April 2, 2024, the trial court issued an order in which it found that Phillip was in violation of the trial court's prior order granting Karen's motion to dismiss. The order also indicated "that the factual allegations and legal conclusions contained within Plaintiff's First Request for Admissions shall be deemed admitted." Finally, the order awarded attorneys' fees to Karen in the amount of $6,200.

After the trial court issued the order, Phillip filed a motion to withdraw the deemed admissions pursuant to Rule 198.3. *See* TEX. R. CIV. P. 198.3. No certificate of conference is attached to Phillip's motion to withdraw deemed admissions, and the record contains no indication that counsel discussed the motion prior to the hearing. After the trial court conducted a hearing, it denied the motion.

In this original proceeding, Phillip seeks a writ of mandamus ordering the trial court to grant an order withdrawing the deemed admissions.

*Mandamus*

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). With respect to the first requirement, a trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). In addition, because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to

5

correctly analyze or apply the law. *See Prudential*, 148 S.W.3d at 135; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

*Withdrawal of Deemed Admissions*

Ordinarily, a party seeking to withdraw deemed admissions must show that (1) it has good cause to withdraw the admission, (2) "the parties relying upon the responses and deemed admissions will not be unduly prejudiced," and (3) the presentation of the merits of the action will be subserved by permitting the withdrawal. TEX. R. CIV. P. 198.3. However, where, as here, the requests for admissions at issue are merits-preclusive, we instead consider the motion in light of due process considerations. *See McEndree*, 634 S.W.3d at 422.

The purpose of *all* discovery, including requests for admissions, is to obtain a "just, fair, equitable and impartial adjudication of the litigants' rights" by facilitating an exchange of truthful information. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (citing *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984)). For that reason, discovery should not be utilized as "traps for the unwary," nor should it be construed in a way where litigants are prevented from presenting valid claims and defenses. *Id.*

When properly utilized, requests for admissions assist in the presentation of the case by "eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove." *Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950). Thus, for example, a party might utilize a request for admission to establish the admissibility of a document, so that it can avoid the time and expense that would be involved in eliciting testimony from a sponsoring witness or witnesses. *See McEndree*, 634 S.W.3d at 422 (citing *Marino*, 355 S.W.3d at 632; *see also Wheeler v. Green*, 157 S.W.3d 439, 443–44 (Tex. 2005)).

By contrast, Rule 198 was "never intended to be used as a demand upon a [party] to admit that [they have] no cause of action nor ground of defense." *Sanders*, 227 S.W.2d at 208. "[R]equests for admissions that compromise or preclude an adverse party's right to present the merits of a case—'merits-preclusive' admissions—are not a proper use of this discovery tool and implicate due process." *McEndree*, 634 S.W.3d at 422 (quoting *Marino*, 355 S.W.3d at 633–34).

For that reason, where merits-preclusive admissions are the subject of a motion to withdraw deemed admissions, due process requires a showing that a party and/or its counsel acted in "flagrant bad faith or callous disregard for the rules." *Id.* (quoting *Marino*, 355 S.W.3d at 634); (*Wheeler*, 157 S.W.3d at 443); *see also In re Kellogg-Brown & Root, Inc.*, 45 S.W.3d 772, 777 (Tex. App.—Tyler 2001, no pet.) (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991)).

Furthermore, "when the deemed admissions are 'merits-preclusive,' the party opposing the withdrawal of the deemed admissions has the burden to demonstrate that the party seeking the withdrawal acted with flagrant bad faith or callous disregard for the rules." *McEndree*, 634 S.W.3d at 422; *Ralls v. Funk*, 592 S.W.3d 178, 183 (Tex. App.—Tyler 2019, pet. denied) ("when the requests for admission are merits preclusive, the party opposing the withdrawal of the admissions has the burden").

*The Parties' Duty to Cooperate in Discovery*

Our rules of civil procedure also require that, before the parties bring a discovery-related matter to the trial court's attention, they confer in an effort to resolve the disputed issues. TEX. R. CIV. P. 191.2. "This requirement should not be ignored, nor should it be observed in a pro forma fashion." *In re Scherer*, 684 S.W.3d 875, 882 (Tex. App.—Eastland 2024, org. proceeding). While conferring, counsel for the parties are under a duty to cooperate and to "make any agreements

7

reasonably necessary for the efficient disposition of the case." TEX. R. CIV. P. 191.2. Such agreements further a full and fair adjudication of the litigant's rights, serving the overall purposes of discovery. *See Stelly*, 927 S.W.2d at 622.

In this case, we note that, while the parties briefly communicated by e-mail, there was no meaningful discussion between counsel regarding the responses to the requests for admissions prior to the hearing, nor was there any discussion regarding the merits of the motion to withdraw the deemed admissions.

## Karen's Arguments

### A. *Delay in Filing Motion to Withdraw Deemed Admissions*

In her response, Karen claims that, because Phillip waited until April 2024 to file his motion to withdraw the deemed admissions, he cannot assert a good cause defense. In support of this proposition, she relies on *Behzad-Noori v. Gilliam*, No. 2-02-00265-CV, 2003 WL 851566 (Tex. App.—Fort Worth Mar. 6, 2003, pet. denied) (mem. op., not designated for publication). In *Behzad-Noori*, the Second Court of Appeals held that a party did not show good cause for a delay in filing a response to requests for admissions where the response was delayed for over three months, during which time counsel for the responding party was aware that the responses were overdue. 2003 WL 851566, at *2. The record also indicated that the responding party did not file a motion to withdraw the deemed admissions until after the opposing party had filed a motion for summary judgment. *Id.*

The *Behzad-Noori* case predated the Supreme Court's holdings in *Wheeler* and *Marino*, and it therefore did not apply the "flagrant bad faith or callous disregard" standard that is set out in those cases. Furthermore, although Phillip did not immediately file a motion to withdraw the deemed admissions,[2] the Texas Rules

---

[2]*Behzad-Noori* assumes that, in addition to a consideration of the timeliness of the response, a "good cause" inquiry under Rule 198.3 may include a consideration of the timeliness of the motion to withdraw deemed admissions. 2003 WL 851566, at *2. While we have chosen to address Karen's argument

of Civil Procedure do not provide a deadline within which the motion to withdraw must be filed, nor does the record contain any indication that Phillip's motion was in contravention of a scheduling order or a local rule. As such, Phillip's motion was not untimely, much less in "flagrant bad faith or callous disregard" for any applicable rule. *See Wheeler*, 157 S.W.3d at 443.

## B. *Incomplete or Evasive Answers*

Karen also points out that, regardless of whether the responses were late, the trial court still has the power to order that "an incomplete or evasive answer" is admitted under Rule 215.4(a) of the Texas Rules of Civil Procedure. By pointing to Rule 215.4(a), Karen appears to be arguing that the trial court's order on her motion to compel and for sanctions implicitly found that Phillip's answers were incomplete or evasive, and that—as such—the requests have been "deemed admitted" under Rule 215.4(a), regardless of whether they were timely. However, we are unpersuaded that Rule 215.4(a) is implicated in the trial court's order.

The order at issue states that "the factual allegations and legal conclusions contained within Plaintiff's First Request for Admissions shall be deemed admitted." The order is addressed to the requests for admissions as a whole. It does find that any particular responses are incomplete or evasive. Additionally, although it is arguable that Phillip does not explicitly admit or deny a handful of the requests, he also clearly admits or denies a majority of them. Furthermore, while Phillip appends his responses with a host of argumentative narratives, such narratives do not alter his initial denials of the requests. To the contrary, if anything, they appear to serve to reinforce his denials.

___

regarding the timeliness of Phillip's motion to withdraw the deemed admissions, we do not comment on whether, in conducting a "flagrant bad faith or callous disregard" inquiry, the "timeliness" of the motion to withdraw is an appropriate consideration.

Because Phillip's responses to the requests for admissions are not universally "incomplete or evasive," we do not believe that the trial court was attempting to impose sanctions under Rule 215.4(a) when it ordered that all of Karen's requests were deemed admitted. Instead, we believe that the trial court was merely recognizing that the responses were not filed within thirty days, and that Karen's requests were therefore deemed admitted by operation of Rule 198.2(c).

Furthermore, and for the same reasons, it would have been improper for the trial court to find that *all* of Phillip's responses were evasive or incomplete. *See* TEX. R. CIV. P. 215.4(a) (requiring the motion and order to address the answers that are alleged to be insufficient). As such, to the extent that the trial court intended to issue a ruling that all of the requests were deemed admitted because they were "evasive or incomplete" under Rule 215.4(a), its ruling was an abuse of discretion.

C. *Phillip's Abusive Conduct During Discovery*

Finally, Karen argues that the trial court's order was not an abuse of discretion because of Phillip's "overall pattern of evasive responses to other discovery requests." In support of this argument, Karen argues that Phillip has engaged in other sanctionable behavior, including his responses to other written discovery in this case and his responses to questioning during the Rule 202 deposition. She maintains that, when Phillip's other conduct is considered alongside the delayed discovery responses, the trial court was within its discretion when it ordered that her requests were deemed admitted.

The trial court has broad discretion to impose sanctions on Phillip under Rule 215. *TransAmerican*, 811 S.W.2d at 917. In that regard, the record demonstrates that Phillip has engaged in sanctionable conduct. During the current proceeding as well as the Rule 202 proceeding, Phillip has flaunted the discovery process and demonstrated disrespect for the judiciary. As a result of such conduct,

10

the trial court has entered an award of attorneys' fees in favor of Karen. Likewise, the trial court admonished Phillip at the end of the hearing on Karen's motion to compel and motion for contempt. Phillip does not complain about these sanctions or admonishments, nor do we consider them to be an abuse of the trial court's discretion.

However, even when Phillip's actions are considered in their totality, they do not yet rise to a level where they justify the imposition of "death penalty" sanctions. *See In re Bledsoe*, 41 S.W.3d 807, 812 (Tex. App.—Fort Worth 2001) (orig. proceeding) ("A death penalty sanction is any sanction that adjudicates a claim and precludes the presentation of the case on the merits.").

In assessing sanctions, the trial court's punishment "should be no more severe than necessary to satisfy its legitimate purposes." *In re Lee*, 686 S.W.3d 449, 463 (Tex. App.—Eastland 2024, org. proceeding) (quoting *TransAmerican*, 811 S.W.2d at 917). For that reason, death penalty sanctions should not be imposed "unless a party's hinderance of the discovery process justifies a presumption that its claims . . . lack merit." *Id.* at 464 (quoting *TransAmerican*, 811 S.W.2d at 918). Likewise, the trial court "must be convinced that less burdensome remedies would not be effective in preventing unfairness" to the opposing party. *Id.* (quoting *Tex. Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 763 (Tex. 1995)).

Although the record indicates that Phillip had previously been required to pay an attorneys' fees award in connection with Karen's motion to dismiss, it is not clear that such an award was intended as a sanction. Furthermore, even if it were intended as an order of sanctions, it would not support a conclusion that lesser sanctions will be insufficient to correct Phillip's misconduct in connection with Karen's discovery requests. Accordingly, to the extent the trial court's order denying the motion to withdraw deemed admissions was an effort to impose death penalty sanctions (or

11

their equivalent) based on Phillip's overall conduct during the litigation, it was an abuse of discretion.

D. *Karen Has Failed to Establish "Flagrant Bad Faith or Callous Disregard"*

Although Karen makes a number of arguments in support of the trial court's ruling, she does not point to any evidence that Phillip's late response was an act of "flagrant bad faith or callous disregard for the rules." *McEndree*, 634 S.W.3d at 422. Likewise, although Phillip has engaged in other sanctionable behavior during discovery, we have found no evidence that the lateness of the response was itself an act of bad faith or callous disregard. As such, we conclude that the trial court abused its discretion when it refused to allow Phillip to withdraw his deemed admissions.

## Scope of Decision

In concluding that the trial court has abused its discretion, we address only the question of whether Karen's requests for admissions as a whole should be deemed admitted because of Phillip's late response and/or Phillip's misconduct and abuse of the discovery process. Because we have found that Rule 215.4(a) was not implicated in the trial court's decision, we do not address the question of whether Request Nos. 4, 15, 21, 33, 37, and 39[3] may be deemed admitted because Phillip's responses are "evasive or incomplete." *See* TEX. R. CIV. P. 215.4(a). Karen may seek relief from the trial court regarding these individual requests.

## Trial Court Oversight of Discovery

As we have said in the past, we again emphasize that our trial courts have wide discretion to supervise and correct the parties' neglect and abuse of the discovery processes that are set out in our rules of procedure. In *In re Scherer*, we

---

[3]Although none of these requests appear to be merits-preclusive, the trial court should be mindful that any merits-preclusive requests must be afforded the due-process protections set out in *Marino* and *Wheeler*. *Marino*, 355 S.W.3d at 633–34; *Wheeler*, 157 S.W.3d at 443–44.

indicated that the parties in that case could have resolved a substantial portion of their discovery disputes had they first engaged in a substantive effort to address their differences using our rules of procedure as a guide. 684 S.W.3d at 882. This case is no different. Although they made a brief attempt to discuss the responses to Karen's request for production, it appears that the parties never had or attempted to have a substantive dialog regarding Karen's requests for admissions. Before considering discovery motions such as these, our trial courts can and should ensure that the parties have engaged in a meaningful and good-faith effort to resolve their differences. *See* TEX. R. CIV. P. 191.2. Additionally, trial courts should be mindful that the failure of either or both parties to reasonably resolve an issue based on a clear, applicable standard may be subject to sanctions. TEX. R. CIV. P. 215.3.

Likewise, our trial courts have broad discretion to sanction abusive discovery tactics. *See* TEX. R. CIV. P. 215.1–.5. Our rules of discovery should not be taken lightly by parties that are tasked with formulating timely and complete responses, nor are they designed to reward attempts to weaponize the discovery process by producing "gotcha" results that have little to do with the merits of the case. *McEndree*, 634 S.W.3d at 422. When the parties engage in abusive conduct of this nature, our trial courts have wide discretion to issue sanctions that do not interfere with the parties' rights to present their cases on the merits, just as the trial court did in this case. *See* TEX. R. CIV. P. 215.1–.5. However, trial courts should also be cognizant that death penalty sanctions are rarely an appropriate response to discovery abuse. *See In re Lee*, 686 S.W.3d at 464 (citing *TransAmerican*, 811 S.W.2d at 918)

## This Court's Ruling

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying the motion to withdraw deemed admissions.

13

Likewise, we direct the trial court to vacate that portion of its order on plaintiff's motion to compel and for contempt which states that "the factual allegations and legal conclusions contained within Plaintiff's First Request for Admissions shall be deemed admitted." The remainder of the trial court's order of April 2, 2024, including the order of monetary sanctions against Phillip, remains undisturbed. Mandamus will issue only if Judge Robnett fails to act by July 8, 2024.

JOHN M. BAILEY
CHIEF JUSTICE

June 20, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.