# Supreme Court of Texas

No. 23-0830

In re Euless Pizza, LP; SF, GP, Management, LLC; and
Story Glen, Inc.,

*Relators*

On Petition for Writ of Mandamus

**PER CURIAM**

This is a discovery dispute in a personal injury case. The issue is whether the trial court abused its discretion by denying relators leave to withdraw and amend their initial responses to two of the plaintiffs' requests for admission (RFAs). We hold that it did and conditionally grant relators' petition for writ of mandamus.

Trevor Rivera worked as a pizza delivery driver at i Fratelli Pizza in Grapevine, Texas. One evening in September 2021, while out on a delivery route, Rivera and another delivery driver decided to race each other in a 40-mph zone. Their cars accelerated toward an intersection at 80 mph. An elderly couple, Nghia Vo and Hue Nguyen, drove into the intersection from the opposite direction and started making a left turn. Rivera crashed into the passenger side of their car, resulting in serious injuries to the couple. Vo was left paralyzed. Rivera was arrested and

later indicted on two counts of second-degree felony racing causing serious bodily injury.

In December 2021, Vo and Nguyen sued Rivera and three corporate defendants: Euless Pizza, LP; Story Glen, Inc.; and SF, GP Management, LLC. Plaintiffs pleaded claims of direct and vicarious liability against these defendants, who responded with a general denial and various affirmative defenses.

Three months later, in March 2022, plaintiffs served their first set of written discovery on each corporate defendant. Each was asked to admit that at the time of the incident Rivera was acting within the scope of his employment "with i Fratelli Pizza"—RFA No. 6—and "with You"—RFA No. 10. In their April 2022 responses, each defendant admitted to RFA No. 6, while only Euless Pizza admitted to RFA No. 10.

In November 2022, defendants amended their responses to reflect that each defendant denied both RFA No. 6 and RFA No. 10. Around the same time, defendants amended other discovery responses to clarify that Rivera was employed only by Euless Pizza and that defendants are contesting that Rivera was acting within the scope of his employment when the crash occurred. Discovery continued. After a dispute with plaintiffs over their amended responses, defendants filed a motion for leave to withdraw and amend their original admissions in January 2023.[1] Plaintiffs opposed the motion, and the trial court denied it after

---

[1] Separately, defendants filed a hybrid motion for summary judgment challenging plaintiffs' allegation that Rivera was acting within the scope of his employment when he crashed into plaintiffs. That motion has not been heard.

a hearing. The court of appeals denied defendants' request for mandamus relief.

We start with some basic principles. RFAs are intended to simplify trials by eliminating "uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents." *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005); *see also Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950) ("The primary purpose of the rule [on RFAs] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove."). RFAs were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Sanders*, 227 S.W.2d at 208; *accord Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (citing *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996)). RFAs "should be used as 'a tool, not a trapdoor.'" *Marino*, 355 S.W.3d at 632 (quoting *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008)).

In keeping with these principles, the trial court should allow a party to withdraw or amend an admission "upon a showing of (1) good cause, and (2) no undue prejudice." *Wheeler*, 157 S.W.3d at 442; *accord* TEX. R. CIV. P. 198.3; *Marino*, 355 S.W.3d at 633; *Stelly*, 927 S.W.2d at 622. This is not a high bar. "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler*, 157 S.W.3d at 442. We have also equated the existence of good cause with the absence of "evidence of flagrant bad faith or callous disregard for the rules." *Marino*, 355 S.W.3d at 634; *see also Wheeler*, 157 S.W.3d at 443-44.

3

There are two aspects to the undue-prejudice inquiry. One is whether permitting withdrawal of an admission would "delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 443 (citing *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002)). The second is whether "presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission." TEX. R. CIV. P. 198.3(b). These "two are different sides of the same coin, as presentation of the merits will suffer (1) if the requesting party *cannot* prepare for trial, and also (2) if the requestor *can* prepare but the case is decided on deemed (but perhaps untrue) facts anyway." *Wheeler*, 157 S.W.3d at 443 n.2.

We have said that trial courts have "broad discretion" to permit or deny a request to change an admission. *Marino*, 355 S.W.3d at 633; *Wheeler*, 157 S.W.3d at 443; *Stelly*, 927 S.W.2d at 622. But broad is not unlimited,[2] and the court's discretion is narrowest when denying permission to make the change would "compromise presentation of the merits." *Wheeler*, 157 S.W.3d at 443; *cf. Marino*, 355 S.W.3d at 634 ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults.").

Applying these principles, the record shows that the trial court abused its discretion by denying defendants' motion to withdraw their admissions to RFA Nos. 6 and 10. We start with good cause.

---

[2] *See Wheeler*, 157 S.W.3d at 443 (stating that a trial court cannot deny the withdrawal of an admission "arbitrarily, unreasonably, or without reference to guiding rules or principles" (citing *Stelly*, 927 S.W.2d at 622)).

In their motion and at the hearing thereon, defendants explained why their responses to RFA No. 6 must be changed. They say that their initial responses were based on a misunderstanding that Rivera was employed by i Fratelli and Euless Pizza both but that it has since become undisputed that Rivera was employed by Euless Pizza alone. It became clear only after the initial admissions were made "that there is no entity named i Fratelli, but rather it's a brand name only." And complicating matters further, one of the definitions written by plaintiffs to govern the RFA defined "i Fratelli Pizza" as synonymous with "defendant," "you," "your," and "Euless Pizza." Thus, the initial admissions by defendant Story Glen and defendant SF, GP, Management that Rivera was acting within the scope of his employment with i Fratelli could be taken as admissions that Rivera was acting in the scope of his employment with each of them. "So that was clearly a mistake to have admitted an admission that would indicate that he was an employee of anyone else other than Euless Pizza at the time of the accident," defendants' counsel explained.

Regarding RFA No. 10, defendants contend that after making the initial admissions, they continued to investigate, which "included taking numerous depositions, witnesses, and receiv[ing] the voluminous police file from the Euless Police Department that contained about 500 pages of records." Based on information learned in the investigation, defendants now take the position that Rivera's "felonious racing" was outside the scope of his employment because it was a serious criminal act that was unforeseeable to Euless Pizza, even though Rivera was on

5

the clock at the time of the incident.[3]  Defendants' counsel represented to the court that the initial admissions were made "on accident and mistake" and that "the amended admissions are based on good faith belief through developed discovery."

Plaintiffs argue that defendants had all the information they needed to respond accurately in April 2022 and that they now just regret their initial answers.  It may be that defendants should have put more thought into their initial responses, but insufficient attention to detail when answering discovery, especially at the outset of litigation, does not foreclose the ability to amend it.  Defendants repeatedly explained that their initial responses—made only four months into the case—were based on information that turned out to be inaccurate or incomplete. There is no evidence in the record of conscious indifference, flagrant bad faith, or callous disregard for the rules.  Thus, good cause is established. *See Marino*, 355 S.W.3d at 634 ("Good cause for withdrawal of the deemed admissions exists in this case because there is no evidence of flagrant bad faith or callous disregard for the rules and nothing to justify a presumption that Marino's defense lacks merit.").

We turn to the undue-prejudice inquiry.  In March 2022, before defendants made their initial RFA responses in April, the trial court entered an agreed scheduling order that set a discovery-completion date in December 2022 and a trial date in March 2023.  But plaintiffs concede that discovery continued well past the original December 2022

---

[3] In their motion for summary judgment, defendants cite *Zarzana v. Ashley*, 218 S.W.3d 152, 160 (Tex. App.—Houston [14th Dist.] 2007, no pet.), for the proposition that "employers are generally not liable for serious criminal acts of employees that are unforeseeable considering the employee's duties."

6

completion date. Then the day before the original, March 7, 2023, trial setting, the court sua sponte cancelled all trials set for that day. When defendants' motion was heard in May 2023, discovery was still ongoing, and the case had not yet been reset for trial.[4] Thus, granting the motion would not have delayed trial or significantly hampered plaintiffs' ability to prepare for it. *See Wheeler*, 157 S.W.3d at 443.

The other side of the coin also favors defendants. "An admission once admitted . . . is a judicial admission, and a party may not then introduce testimony to controvert it." *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989). The trial court's denial of defendants' motion thus compromises the presentation of the merits by eliminating defendants' ability to controvert plaintiffs' scope-of-employment allegations. *See* TEX. R. CIV. P. 198.3(b); *Wheeler*, 157 S.W.3d at 443 n.2. Defendants have established a lack of undue prejudice to plaintiffs.

Mandamus relief is appropriate where a "party's ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case—[would be] severely compromised" were the erroneous ruling not corrected before trial. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (quotation marks omitted); *see Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) ("[A]n appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial

---

[4] In August 2023, three months after the court denied defendants' motion, it signed an amended scheduling order that reset the discovery deadline to December 2023 and the trial to February 2024. But in October 2023, we stayed all proceedings in the case pending further order of this Court. That stay is being lifted with the issuance of this opinion.

court's discovery error.").  Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant defendants' petition for writ of mandamus.  We direct the trial court to vacate its order denying defendants' motion to withdraw and amend their responses to RFA Nos. 6 and 10 and then to grant that motion.  We are confident the court will comply.  The writ will issue only if it does not.

**OPINION DELIVERED:** December 6, 2024