# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-25-00112-CV

**Affirmation Holdings, LLC, Appellant**

**v.**

**Clear Property Management, LLC, Appellee**

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-000936, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

## O P I N I O N

After considering the motion for rehearing filed by Affirmation Holdings, LLC, we deny the motion for rehearing but withdraw our opinion and judgment issued on December 19, 2025, and substitute the following opinion and judgment in their place.

Affirmation Holdings, LLC (Affirmation) appeals from the trial court's grant of summary judgment in favor of Clear Property Management, LLC (Clear), asserting that the trial court abused its discretion in denying Affirmation's motion to withdraw deemed admissions, without which the trial court would not have granted summary judgment. We must therefore determine whether Clear met its burden of demonstrating that Affirmation's counsel callously disregarded the discovery deadline for responding to Clear's requests for admissions. Because we determine that Clear met its burden, we conclude that the trial court did not abuse its

discretion in denying the motion to withdraw deemed admissions and therefore did not err in relying on those admissions to support rendition of a summary judgment. Accordingly, we affirm.

## BACKGROUND

In 2023, Affirmation entered into a contract with Clear under which Clear was to act as the property manager for an apartment complex owned by Affirmation. Clear sued Affirmation on February 12, 2024, for breach of that contract, seeking $42,104.52 in damages for past unpaid management and leasing fees and operating expenses. The following month, Dylan Russell, an attorney with the Houston office of Hoover Slovacek, LLP filed Affirmation's answer. On July 26, 2024, Clear served Affirmation with discovery requests, including requests for admissions. *See* Tex. R. Civ. P. 198.1 (Request for Admissions), .2 (responses to requests for admissions generally due "within 30 days after service of the request"). On August 16, Affirmation filed a motion to withdraw and substitute counsel, pursuant to which Russell[1] was replaced by Brice B. Beale, another attorney from the Houston office of Hoover Slovacek. On August 26, the date the responses were due, Beale emailed counsel for Clear and requested a two-week extension of the response deadline, making the new due date September 9, 2024. Clear's counsel agreed to the extension within two hours of receiving it. However, no responses were filed on September 9, and no further extensions were sought.

On October 1, 2024, Clear filed a traditional motion for summary judgment, asserting that the requests for admissions were deemed admitted by Affirmation under Texas Rule of Civil Procedure 198.2 and that the matters admitted therein proved Clear's breach of

---

[1] Based on the address listed on the motion to substitute, it appears that Russell had begun working at a different firm.

2

contract claims and damages as a matter of law. *See id.* R. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order."), R. 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission" and providing for circumstances under which court may allow withdrawal or amendment of admissions). In addition to seeking damages for the breach, the motion asked for attorney's fees. Clear attached to its motion the live pleadings; Clear's requests for admissions, which included as an exhibit a copy of the contract between Clear and Affirmation; the email exchanges in which Clear's counsel agreed to an extension of the deadline to respond to the requests for admissions; and the email by which Clear initially sent discovery requests to Dylan Russell. A hearing was set for November 14. At Affirmation's request, the parties agreed to reschedule the hearing to December 4, 2024.

On November 27, Affirmation filed a combined response to the motion for summary judgment and motion to withdraw deemed admissions. In the combined response and motion, Affirmation listed factors contributing to its failure to timely respond, including that counsel had substituted into the case on August 16, 2024; that counsel had just completed a jury trial on September 9, was attending mediation on another matter, and would be beginning another jury trial the following week; that counsel had an accident necessitating oral surgery and a bone graft; and that counsel was dealing with a family medical emergency. The sole attachment to Affirmation's response and motion was a set of responses to Clear's requests for admissions. Affirmation provided no other responses to outstanding discovery. Affirmation did not seek to file any affidavits or other evidence before the hearing, nor did Affirmation introduce any evidence at the hearing on the summary-judgment motion. Instead, at the hearing,

3

Lawrence Chang (an attorney not affiliated with Hoover Slovacek) appeared on Affirmation's behalf and presented arguments that generally mirrored the response filed by Beale, who did not attend the hearing. When asked by the trial court about which attorney had suffered the medical emergency alleged in the motion, Chang said that he thought it was Beale. Chang explained that he learned about the hearing setting the day before, as his "prior representation was just to try to help with the settlement, not to actually litigate. Prior Counsel[2] was supposed to be responsible for letting us know if anything was coming up, which they obviously failed to do." Regarding the motion for summary judgment, Chang stated, "I'm not saying it's impossible to grant it. But I will—I do believe that once I come back with an objection—you know, a sworn objection, sworn motion for reconsideration, we're just going to be back here again." After hearing arguments from both sides, the trial court announced that Clear's motion for summary judgment would be granted and Affirmation's motion to withdraw deemed admissions would be denied. The parties agreed, on the record, to hear the attorney's fees issue by submission so that both parties could submit arguments and evidence regarding fees. On January 10, 2025, Affirmation filed a motion to reconsider, to which it attached a notarized affidavit by Beale.[3] On

---

[2] Despite referring to "prior counsel," Chang clarified that Beale had not actually filed a motion to withdraw and remained current counsel; Beale also filed this appeal.

[3] The motion to reconsider and accompanying affidavit were initially omitted from the record on appeal, so this Court was unable to consider them. *See* Tex. R. App. P. 34.1 (describing contents of appellate record); *Blunck v. Blunck*, No. 03-15-00128-CV, 2016 WL 690669, at *3 (Tex. App.—Austin Feb. 18, 2016, pet. denied) (mem. op.) (refusing to consider affidavit attached to reply brief "that was not before the trial court"); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided"). However, shortly before filing its motion for rehearing on appeal, Affirmation filed a second supplemental clerk's record that included its trial-court motion to reconsider and affidavit. In explaining the earlier omission of this document from the record on appeal, Affirmation asserted that "[d]espite the docket sheet index filed by the clerk purporting to contain the affidavit included in the appendix to

January 17, 2025, the trial court rendered a final judgment granting Clear's motion for summary judgment, denying Affirmation's motion to withdraw deemed admissions, and granting Clear's application for attorney's fees.

Affirmation filed a notice of appeal. In the appendix to its appellate brief, Affirmation included a copy of the notarized affidavit by Beale that had been attached to its motion to reconsider in the trial court. The affidavit restated the reasons Affirmation had listed in its response to the motion for summary judgment and motion to withdraw deemed admissions regarding why Affirmation did not timely respond to the requests for admissions.

## ANALYSIS

In its sole issue, Affirmation challenges the trial court's grant of summary judgment on Clear's breach-of-contract claim because it relied exclusively on deemed admissions.

### Standard of Review

We review the trial court's ruling on a motion for summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant, crediting evidence favorable to that party if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*,

Appellant's brief, the clerk did not include it." Neither the clerk's record nor the first supplemental record mention the motion to reconsider or its attached affidavit in either of their indices, both of which accurately reflect the items contained in each record. And although Affirmation attached the affidavit to its appellate brief filed in July 2025, Affirmation did not seek to supplement the record with the motion to reconsider and affidavit until February 4, 2026, about a month and a half after this Court issued its initial judgment in December 2025.

5

289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional summary-judgment motion, the movant must show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. Tex R. Civ. P. 166a(a), (c); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). If the movant meets its summary-judgment burden, the burden shifts to the nonmovant, who bears the burden to raise a genuine issue of material fact precluding summary judgment. *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999). If a trial court grants summary judgment without specifying the grounds for granting the motion, we uphold the trial court's judgment if any of the grounds are meritorious. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

We review a trial court's rulings regarding deemed admissions for an abuse of discretion. *Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam) ("trial courts have broad discretion to permit or deny the withdrawal of deemed admissions"); *see also Medina v. Zuniga*, 593 S.W.3d 238, 244 (Tex. 2019) ("We review a Rule 215 sanctions award for abuse of discretion."); Tex. R. Civ. P. 215.4(a) ("If [a trial] court determines that an answer [to a request for admission] does not comply with the requirements of Rule 198, it may order either that the matter is admitted or that an amended answer be served."). A trial court abuses its discretion if it "acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Baptist St. Anthony's Hosp.*, 703 S.W.3d 339, 343 (Tex. 2024).

**Requests for Admissions**

Requests for admissions are intended to simplify trials and are useful when addressing uncontroverted matters; they were not intended to be used to force a party to admit the validity of claims or to concede defenses. *Marino*, 355 S.W.3d at 632; *Stelly v. Papania*,

927 S.W.2d 620, 622 (Tex. 1996) (per curiam) (noting that requests for admissions were not intended "to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense"). Requests for admissions should be used as "a tool, not a trap door." *Marino*, 355 S.W.3d at 632 (quoting *United States Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008)).

When deemed admissions preclude presentation of the merits of the case, the deemed admissions "implicate the same due process concerns as other case-ending discovery sanctions." *Id.*; *see id.* at 634 ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults."); *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (per curiam) ("[W]hen a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise."); *In re Rozelle*, 229 S.W.3d 757, 763 (Tex. App.—San Antonio 2007, orig. proceeding). In light of those due-process concerns, prevailing on a summary judgment based solely on merits-preclusive deemed admissions requires the party relying on the deemed admissions to demonstrate the other party's or opposing counsel's "flagrant bad faith or callous disregard for the rules" as an element of the movant's summary-judgment burden. *Marino*, 355 S.W.3d at 634; *Wheeler*, 157 S.W.3d at 443–44; *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) ("A party seeking sanctions has the burden of establishing his right to relief."); *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991) ("Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules"). "Although 'a lack of care, simple bad judgment, or a mistaken belief that no discovery had been served does not rise to the level of bad faith or callous disregard for the rules,' evidence showing that 'a party

7

is mindful of pending deadlines and nonetheless either consciously or flagrantly fails to comply with the rules' satisfies the standard." *Estate of Campos*, No. 04-19-00350-CV, 2020 WL 1866460, at \*4 (Tex. App.—San Antonio Apr. 15, 2020, no pet.) (mem. op.) (quoting *Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 860 (Tex. App.—Houston [1st Dist.] 2017, no pet.)); *see In re TT-Fountains of Tomball, Ltd.*, No. 01-15-00817-CV, 2016 WL 3965117, at \*12 (Tex. App.—Houston [1st Dist.] July 21, 2016, orig. proceeding) (mem. op.) ("[A] determination of bad faith or callous disregard for the rules has been reserved for cases in which the evidence shows that a party is mindful of pending deadlines and nonetheless either consciously or flagrantly fails to comply with the rules."). "A failure to respond that is intentional or the result of conscious indifference is the equivalent of a nonresponding party's 'flagrant bad faith or callous disregard for the rules.'" *Estate of Campos*, 2020 WL 1866460, at \*4 (quoting *Carter v. Perry*, No. 02-14-00185-CV, 2015 WL 4297586, at \*3 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.)).

**Application**

Clear relied solely on Affirmation's deemed admissions as its basis for traditional summary judgment. Clear argues on appeal that the trial court properly granted summary judgment on its claim for breach of contract because Affirmation's deemed admissions conclusively established all facts necessary to support the claim. Clear had served Affirmation with the following requests:

1. Admit that **Exhibit "A"** to these Requests is a true and correct copy of the Property Management Agreement signed by Mimie Li, Affirmation's Managing Member.

2. Admit that Affirmation is the Owner of the Waters at Barton Creek.

8

3. Admit that Clear PM's monthly Management Fee was equal to $7,500.00 for October through November of 2023.

4. Admit that from October 9 to November 22, 2023, Clear PM provided management and leasing services for the Waters at Barton Creek.

5. Admit that on November 22, 2023, Ms. Li requested to terminate the Property Management Agreement.

6. Admit that on or after November 22, 2023, Ms. Li closed Clear PM's Operating Account identified in the Property Management Agreement for the Waters at Barton Creek.

7. Admit that on or after November 22, 2023, Ms. Li barred Clear PM's employees from returning to the Waters at Barton Creek.

8. Admit that Clear PM has provided Affirmation with documentation of outstanding expenses totaling $11,909.10 for costs related to the maintenance and/or operation of the Waters at Barton Creek.

9. Admit that to date, Affirmation has not paid Clear PM for the operating expenses referenced in Request No. 9, above.

10. Admit that Clear PM has provided Affirmation with payroll records totaling $7,675.42, which Clear PM paid out of pocket.

11. Admit that to date, Affirmation has not reimbursed Clear PM for the payroll amounts referenced in Request No. 11, above.

12. Admit that Affirmation never paid Clear PM a monthly Management Fee.

13. Admit that Affirmation never paid Clear PM a Termination Fee.

(Emphasis in original). Affirmation does not dispute that the deemed admissions establish each of the elements of Clear's breach-of-contract claim but instead argues that the trial court abused its discretion by not granting Affirmation's motion to withdraw the deemed admissions because Affirmation showed good cause for the withdrawal and Clear would not be unduly prejudiced by the withdrawal. *See* Tex. R. Civ. P. 198.3(a), (b) (trial court "may permit" withdrawal of deemed admissions if the movant shows good cause for withdrawal and the court finds the party relying on the admissions will not be unduly prejudiced and that the presentation of the merits

9

will be served by permitting withdrawal). In support of its argument, Affirmation asserts that a "number of factors contributed to Counsel's failure to timely respond" to discovery and that these factors constituted good cause to allow withdrawal of the deemed admissions. Affirmation further argues that because the case had not been set for trial, Clear would not be prejudiced by allowing the admissions to be withdrawn as "there was ample time for [Clear] . . . to continue discovery and request additional time from the [trial court]."

Typically, to obtain permission to withdraw deemed admissions, a party must show (1) good cause, (2) that the other party will not be unduly prejudiced, and (3) that the presentation of the merits of the lawsuit will be served by the withdrawal. *See id.*; *Wheeler*, 157 S.W.3d at 443 n.2; *Stelly*, 927 S.W.2d at 622. However, because it is undisputed that relying on the deemed admissions to support summary judgment would preclude a merits-based decision, Affirmation need not show good cause. Instead, that burden shifted to Clear, as the party relying on the deemed admissions, to demonstrate Affirmation's or its counsel's "flagrant bad faith or callous disregard for the rules" as an element of Clear's summary-judgment burden. *See Marino*, 355 S.W.3d at 634; *Wheeler*, 157 S.W.3d at 443–44.

Affirmation relies heavily on the supreme court's opinions in *Wheeler v. Green* and *Marino v. King* in support of its claim that the trial court abused its discretion in denying the motion to withdraw. In *Wheeler*, the trial court deemed 64 requests for admissions admitted after a pro se litigant failed to timely respond. 157 S.W.3d at 441. The pro se litigant never filed a motion to withdraw the deemed admissions or a response to the motion for summary judgment, and the trial court granted summary judgment based solely on the deemed admissions. *Id.* The court of appeals affirmed, but the Texas Supreme Court reversed, noting that "nothing in this record suggests that before summary judgment was granted, [the pro se litigant] realized that her

10

responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Id.* at 442. The pro se litigant attempted to comply with the rules but filed her responses two days late because she misunderstood the mailbox rule and therefore miscalculated the due date. *Id.* at 441. The late-filed responses were on file before the motion for summary judgment was filed. *Id.* On those facts, the record was devoid of a showing of "flagrant bad faith or callous disregard for the rules" necessary to support a summary judgment based solely on deemed admissions. *Id.* at 443–44. The *Wheeler* court noted that pro se litigants are not exempt from the rules of procedure, but "when a rule itself turns on an actor's state of mind (as these do here), application may require a different result when the actor is not a lawyer." *Id.*

Similarly, in *Marino*, the supreme court explained that, like the pro se litigant in *Wheeler*, the pro se defendant in *Marino* did not exhibit bad faith or callous disregard for the rules when she filed her response to requests for admissions marginally late and did not file a summary-judgment response but came to argue her case at the summary-judgment hearing because she misunderstood "what a summary judgment 'hearing' was." *Marino* 355 S.W.3d at 634 (quoting *Wheeler*, 157 S.W.3d at 442). The defendant in *Marino* had worked diligently to respond to discovery and she notified the opposing party's counsel "by letter that she would have everything to them by June 2, 2009, and indeed she responded to all discovery requests on that day," which turned out to be one day past the actual deadline. *Id.* at 630. In both *Marino* and *Wheeler*, the supreme court determined that "genuine confusion over discovery deadlines and summary judgment procedures was evidence of good cause, negating the conscious disregard or deliberate neglect required to support a merits-preclusive sanction." *Marino*, 355 S.W.3d at 634; *see Wheeler*, 157 S.W.3d at 443. And the *Marino* court found no evidence of undue prejudice

11

because the admission responses, although one day late, had been served months before the summary-judgment hearing. 355 S.W.3d at 634. When the record reflects a litigant's intention of complying with the rules, but the litigant failed to meet a deadline because of a mistake, courts cannot conclude that the litigant acted with bad faith or callous disregard for discovery rules. *See Pickaree–Champagne v. Metropolitan Transit Auth. of Harris Cnty.*, No. 01–16–00138–CV, 2017 WL 2590290, at *3–4 (Tex. App—Houston [1st Dist.] June 14, 2017, no pet.) (mem. op.) (holding there was no showing of "flagrant bad faith or callous disregard for the discovery rules" when the record did not reflect that plaintiff adduced summary-judgment evidence to support a finding of defendant's "bad faith or callous disregard, and, on the contrary, reflects that she timely responded to . . . requests for admissions and made subsequent attempts to correct the defects in her responses"); *Medina v. Raven*, 492 S.W.3d 53, 59–64 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (concluding no evidence of bad faith and callous disregard for rules when appellants argued they had timely responded to requests for admissions based on having timely mailed responses to two addresses of record for appellee's counsel and responses were on file long before summary-judgment hearing).

The facts of this case are distinguishable from *Wheeler* and *Marino*. Here, because the deemed admissions had a merits-preclusive effect on Affirmation's case, Clear had to show that Affirmation or its counsel acted with bad faith or callous disregard in order for Clear to carry its burden to establish that it is entitled to judgment as a matter of law. Clear attached to its summary-judgment motion an email showing that its discovery requests had been received and that Beale was aware of those requests and the deadline for responding. Moreover, the email evidence showed that Beale requested and promptly received an extension of the deadline. He undisputedly did not meet the deadline he selected. Nor did he respond to the

12

requests for admissions upon receiving Clear's motion for summary judgment based on deemed admissions. Although Beale eventually responded to the requests for admissions by attaching them to Affirmation's combined response to the motion for summary judgment and motion to withdraw deemed admission filed days before the summary-judgment hearing, he submitted no further responses to discovery and did not attend the hearing on the motion for summary judgment. Beale had listed in the response to summary judgment and motion to withdraw a handful of circumstances that "contributed to" his missing the deadline to respond to the requests for admissions:

> In this case, a number of factors contributed to Counsel's failure to timely respond:
>
> - Counsel substituted into this case on August 16, 2024, days before the requests were initially due;
> - On September 9, 2024, Counsel had just completed a jury trial, was attending mediation on another matter, and would be beginning another jury trial the following week;
> - Additionally, Counsel had just had an accident necessitating emergency oral surgery and a bone graft;
> - Further still, Counsel was dealing with a family medical emergency.
>
> This confluence of unforeseeable events and other case obligations contributed to the Counsel's failure to timely respond and missing the calendar entry.

But he did not support these assertions with an affidavit or other evidence until after the hearing, when he filed the motion to reconsider. As a general proposition, pleadings are not competent summary-judgment evidence, even if they are sworn or verified. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818 (Tex. 2021) (citing *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660–61 (Tex. 1995)). Because Beale did not attend the summary-judgment hearing, he could not clarify or elaborate on the statements made

13

in the motion to withdraw, leaving the trial court to seek clarification from an attorney who stated that he was supposed to have provided counsel for purposes of settlement, was not supposed to have been litigating the case, and had learned about the hearing on the motion for summary judgment the day before it occurred. When litigation counsel, despite being an experienced attorney at a firm that practices commercial litigation, did not comply with a discovery deadline of which he was aware, sought no further extensions once he missed his extended deadline, did not appear at the hearing on the motion for summary judgment, and did not submit evidence in favor of Affirmation on the motion to withdraw deemed admissions during the hearing, we cannot conclude that the trial court acted arbitrarily in determining that counsel acted with callous disregard for the discovery rules. Consequently, we cannot conclude that the trial court abused its discretion by refusing to grant the motion to withdraw deemed admissions. *See Texas SMAC, LLC v. EMJ Corp.*, No. 04-18-00391-CV, 2019 WL 1923048, at *2 (Tex. App.—San Antonio May 1, 2019, pet. denied) (mem. op.) (in appeal of summary judgment based on deemed admissions, holding that defendant callously disregarded discovery deadline when defendant knew of deadline, missed it, did not respond to notices that responses were overdue, and "did not present any evidence, such as a clerical or calendaring error, to dispute this claim other than stating its counsel was busy preparing for another trial").

After the trial court ruled on Affirmation's summary-judgment motion, but before the judgment became final,[4] Affirmation filed a motion asking the trial court to reconsider its summary-judgment ruling and attaching an affidavit listing the factors alleged to have

---

[4] Clear's application for attorney's fees remained pending.

14

contributed to Affirmation's having missed the response deadline.[5]  Assuming the trial court should have reconsidered those circumstances in light of the supporting affidavit in determining whether counsel callously disregarded discovery rules, we note that Clear argued on appeal that the timelines for some of the events Beale listed are not provided, making it difficult to weigh whether or to what degree the listed events could have negated callous disregard.  The reporter's record also showed that the trial court was unable to discern whether all the issues ascribed to "counsel" applied to Beale or another attorney; Beale was not present at the summary-judgment hearing to respond to the trial court's questions.  Under these circumstances, we cannot conclude that the trial court abused its discretion in not granting the motion to reconsider.  *See In re Hyde Park Baptist Church*, No. 03-23-00049-CV, 2023 WL 5353367, at \*5 (Tex. App.—Austin Aug. 22, 2023, orig. proceeding) (mem. op.) ("[T]he abuse-of-discretion standard applies to a trial court's decision to review a prior summary judgment or, within limits, to grant or deny a motion for new trial." (citing *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009))).  Having determined that the record, including Beale's supporting affidavit, supports a finding of callous disregard, we need not address whether granting the motion to withdraw deemed admissions would unduly burden Clear.

Affirmation argues that even if the trial court did not abuse its discretion in denying the motion to withdraw, the deemed admissions should "be of no effect" because "[n]ot one of Plaintiff's Requests for Admissions, with the possible exception of Request No. 1, addresses uncontroverted matters."  Affirmation urges that its general denial sufficed to notify Clear that the facts underlying the breach-of-contract claims were disputed.  According to Affirmation, allowing these admissions to serve as the basis for summary judgment would

---

[5] The language is identical to that contained in the summary-judgment response.

15

circumvent the purpose of deemed admissions, which is to address uncontroverted matters, rather than matters put into dispute by a general denial. Therefore, Affirmation concludes, its general denial creates a fact issue sufficient to survive summary judgment even in the face of the deemed admissions.

A "party may serve on another party" "written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or fact or of the application of law to fact, or the genuineness of any documents served with the request . . . ." Tex. R. Civ. P. 198.1. This Court has warned that "overly broad, merits-preclusive requests for admissions are improper and may not result in deemed admissions." *Lucas v. Clark*, 347 S.W.3d 800, 803 (Tex. App.—Austin 2011, pet. denied). For example, the Thirteenth Court of Appeals has held that admissions requesting a party to "admit [wife] did not transfer community property . . . without your knowledge and consent" and "admit you have not been injured in any manner as a direct result of the alleged acts" were sweepingly broad and could not be deemed admitted. *In re Estate of Herring*, 970 S.W.2d 583, 589 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.). The Fifth Court of Appeals has held that a request asking plaintiffs to "admit [they] no longer wish to pursue their cause of action in the above styled and numbered cause" was sweepingly broad and should not be deemed admitted. *Powell v. City of McKinney*, 711 S.W.2d 69, 71 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). So long as requests are not overly broad and otherwise comport with rule 198.1, "[a] matter admitted under [rule 198] is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 198.3. In this case, each of Clear's requests for admissions sought to establish a fact underlying its claim for breach of contract. We conclude that Clear's requests to admit factual information directly

16

pertinent to the breach-of-contract claim were not overly broad and were within the bounds of rule 198.1. Thus, the deemed admissions conclusively established the matters admitted therein. We overrule Affirmation's issue on appeal.

## CONCLUSION

Because we determine that Clear met its burden to show that Affirmation or its counsel callously disregarded the discovery rules and that Clear's requests for admissions sought to establish relevant facts and were not overly broad, we hold that the trial court did not abuse its discretion in denying the motion to withdraw deemed admissions. We therefore affirm the trial court's summary judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed on Motion for Rehearing

Filed: April 3, 2026

17